UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
**In re:** : Chapter 11
:
**SPIEGEL, INC.,** *et al.,* : Case No. 07-CV-03947-RJH
:
                **Reorganized Debtors.** :
: (Related Bankruptcy Case 03-11540)
-----------------------------------------------------------------x

### SPIEGEL CREDITOR TRUST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PENDING JOHNSON APPEAL

      Spiegel Creditor Trust (the "Creditor Trust"), as successor in certain matters to Spiegel, Inc. *et al.*, the original debtors in the above noted Chapter 11 case (the "Debtors"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its motion to dismiss the pending Johnson appeal[1] (the "Motion to Dismiss") and respectfully represents as follows:

### PRELIMINARY STATEMENT

      Jacqueline J. Johnson ("Johnson") seeks in her appeal to challenge a bankruptcy court order that, as a jurisdictional matter, is no longer appealable. Accordingly, and simply, the appeal must be dismissed on this basis. In the alternative, the Creditor Trust requests that the Court exercise its discretion and dismiss the appeal on the basis that Johnson has failed to comply with the applicable appellate rules.

---

[1] Pursuant to Bankruptcy Rule 8011(a), and in applicable part, a "request for an order or other relief shall be made by filing with the clerk of the district court … a motion for such order or relief with proof of service on all other parties to the appeal." The Creditor Trust also notes that Bankruptcy Rule 8011(c) provides that "All motions will be decided without oral argument unless the court orders otherwise." Accordingly, pursuant to this Rule and the individual practices of this Court, the Creditor Trust has not sought a hearing date on the Motion to Dismiss. However, the Creditor Trust would welcome the opportunity to appear before the Court on this matter if the Court is so inclined.

## BACKGROUND FACTS

A chronological review of the relevant procedural facts is provided below. Each of the related cited documents is attached to the Declaration in Support of Spiegel Creditor Trust's Motion to Dismiss.

- On October 15, 2004, Johnson filed a proof of claim for $100,000.00 in the Spiegel, Inc. *et al*. (collectively, the "Debtors") bankruptcy cases. The claim was recorded as claim number 4248 (the "Johnson Claim"). The Johnson Claim sought compensation for claims of discrimination and retaliation and was related to an action originally filed with the Equal Employment Opportunity Commission.

- On December 9, 2004, the Debtors filed their objection to, among other claims, the Johnson Claim (the "Omnibus Objection") (Bankruptcy Docket No. 2431). Johnson filed a response to the Omnibus Objection soon after (Bankruptcy Docket No. 2593).

- As successor to the Debtors, the Creditor Trust sought to move forward with the prosecution of the Omnibus Objection, most recently and relevantly, on November 28, 2006 (the "Notice of Intent to Prosecute") (Bankruptcy Docket No. 4588). Johnson filed a response to the Notice of Intent to Prosecute on December 16, 2006 ("Response to Notice of Intent to Prosecute") (Bankruptcy Docket No. 4610).

- On December 19, 2006, after reviewing Johnson's Response to Notice of Intent to Prosecute, *see* Transcript of Hearing dated December 19, 2006, Judge Lifland issued an order granting the Omnibus Objection and disallowing the Johnson Claim (the "Order Disallowing Johnson Claim") (Bankruptcy Docket No. 4606). Upon entry of the Order Disallowing Johnson Claim, the ten-day period for filing a notice of appeal commenced. *See* Bankr. Rule 8002(a).

- On January 10, 2007, **twenty-two days** after the Order Disallowing Johnson Claim was entered, Johnson filed a motion for reconsideration (the "Motion to Reconsider") (Bankruptcy Docket No. 4632). A response to the Motion to Reconsider was filed by the Creditor Trust (Bankruptcy Docket No. 4646) and a reply -- also identified as a "Response" -- was subsequently filed by Johnson (Bankruptcy Docket No. 4656).

- On April 4, 2007, Judge Lifland issued his Memorandum Decision and Order Denying Motion for Reconsideration ("Decision and Order Denying Reconsideration") (Bankruptcy Docket No. 4668).

- On April 16, 2007, Johnson filed her notice of appeal (Bankruptcy Docket No. 4673).[2] The appeal was subsequently docketed with this Court.

---

[2] Although the matter was appealed, Johnson continued to request that the Bankruptcy Court reconsider its prior

**ARGUMENT**

Although couched as an appeal of Judge Lifland's April 4, 2007 Decision and Order Denying Reconsideration, Johnson's Statement of Issues seeks cognizable relief only with respect to matters that were decided by the Bankruptcy Court in its December 19, 2006 Decision and Order Denying Reconsideration. For example, in her Statement of Issues, Johnson's first statement is a complaint that the bankruptcy court did not allow her to exhaust all judicial resources prior to dismissing her claim and that "Petitioner has the right to have her Case heard on the Merits." Even if Johnson's assertion of "right" had some legal basis (which it does not), (a) Judge Lifland heard the matter on December 19, 2006 and considered Johnson's arguments, and (b) any "right" would be conditioned on Johnson filing all related papers within the required timeframes (which Johnson, of course, failed to do).

Although Johnson's other "issues" are confused and impossible for a diligent reader to comprehend, to the extent anything can be gleaned, it is that any cognizable claim relates to Judge Lifland's December 19, 2006 Decision and Order Denying Reconsideration and not to his subsequent April 4, 2007 Decision and Order. As such, the appeal is over four months late and must be dismissed because the District Court is without jurisdiction to hear it.[3] Treating the appeal in any other matter would allow a litigant to circumvent appeal deadlines rules by simply filing a late motion for reconsideration.

Simply, and as explained below, Judge Lifland's order cannot be appealed as the District Court does not have jurisdiction over this matter. The Creditor Trust, therefore, seeks

---

order on reconsideration (Bankruptcy Docket No. 4674) and then "re-reconsider" its decision based on new evidence (Bankruptcy Docket No. 4692). Both requests were denied by the Bankruptcy Court (Bankruptcy Docket Nos. 4675 and 4696).

[3] Even the District Court were not to count the time period after the filing of the reconsideration motion, the "reconsideration of the reconsideration motion" and the "re-reconsideration motion," the appeal would still be late as the first reconsideration motion was filed on January 10, 2007, 22 days after Judge Lifland's December

3

dismissal of the appeal on this basis.  Additionally and in the alternative, Johnson has failed to comply with the appeal deadlines set forth in the Federal Rules of Bankruptcy Procedure. Accordingly, the Creditor Trust also seeks dismiss the appeal on this basis.

**I.**

**DISMISSAL ON GROUNDS THAT DISTRICT COURT HAS NO JURISDICTION**

A.  **Applicable Law -- Bankruptcy Rule 8001(a) Imposes a Ten-Day Period for Filing a Notice of Appeal; This Period is Jurisdictional and Non-Discretionary.**

According to Bankruptcy Rule 8011, "[a] request for an order or other relief shall be made by filing with the clerk of the district court … a motion for such order or relief . …  The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought."  The Creditor Trust moves to dismiss the current appeal on the grounds that it is not appealable.

Bankruptcy Rule 8001(a) states: "An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002."  Bankruptcy Rule 8002(a), in turn, states (in relevant part): "Ten-day Period.  The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from."

According to the Second Circuit, a timely filing of the notice of appeal is jurisdictional and, accordingly, "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"  *Siemon v. Emigrant Savings Bank (In re*

---

19, 2007 Order Disallowing Johnson Claim was entered.

4

*Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (after district court dismissed appeal based on finding of no jurisdiction for failure to appeal the bankruptcy court's order within the ten-day time period prescribed by Bankruptcy Rule 8002(a), Second Circuit not only affirmed district court's ruling but also found that an appeal filed after the jurisdictional deadline itself lacked "an arguable basis either in law or fact" and therefore was frivolous)[4]; *see also Deutsch-Sokol v. Northside Savs. Bank (In re Deutsch-Sokol)*, 290 B.R. 27, 29-30 (S.D.N.Y. 2003) ("Failure to file the notice of appeal within the ten-day appeal period is strictly enforced, and the deadline is jurisdictional in nature.").

The district court in *Xuchang Rihetai Human Hair Goods Co. v. Hongjun Sun (In re Hongjun Sun)*, 323 B.R. 561, 564 (Bankr. E.D.N.Y. 2005), further explained the reason for this rule:

> The right to appeal is tempered by a strong public interest in bringing litigation to closure. The filing of a notice of appeal and exacting enforcement of deadlines are essential to the realization of that public interest. The requirement of a timely notice of appeal is therefore 'mandatory and jurisdictional.' …. 'The failure to file a notice of appeal in [a] timely fashion is a jurisdictional defect barring appellate review.' …. In the world of bankruptcy, Fed. R. Bankr.P. 8002 implements the overarching public policy of bringing litigation to an end by imposing strict time constraints on parties that wish to appeal and limiting the time during which a bankruptcy court can permit an appeal after the original ten day period has expired.

*Id.* (change in original) (citation omitted).

Finally, Bankruptcy Rule 8002(c)(2) states, in relevant part: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, expect that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect."

---

[4] As this appeal appears to be frivolous, Spiegel Creditor Trust reserves the right to file a motion for damages and

5

B.  **Application of Law to Facts -- This Appeal Must be Dismissed for Lack of Jurisdiction.**

Johnson's Notice of Appeal was not timely filed and she did not request an extension of time to file an appeal.  These are exactly the facts that were faced in the case of *Hotel Syracuse, Inc. v. Syracuse Industrial Dev. Agency (In re Hotel Syracuse, Inc.)*, 154 B.R. 13 (N.D.N.Y. 1993).  There, the district court recognized that the "Notice of Appeal was filed *only one day late*." *Id.* at 16 (emphasis in original).  Nevertheless, recognizing that it is well settled that the ten-day appeal limit is to be strictly construed, the court concluded that because the creditor did not seek an extension to file an appeal under Bankruptcy Rule 8002(c), the court could not overlook the jurisdictional defect and was required to dismiss the appeal.  *Id.*

Here, the Order Disallowing Johnson Claim cannot be properly appealed absent the Bankruptcy Court's approval of a motion for extension of time within the time limits specified by Bankruptcy Rule 8002(c).  No motion requesting additional time to file an appeal was ever filed (nor could it now timely be filed).  Accordingly, the District Court is without jurisdiction to hear this appeal, the relief sought in this Motion to Dismiss should be granted, and Case No. 07-CV-03947-RJH should be dismissed.

## II.

## DISMISSAL ON GROUNDS THAT APPEAL DEADLINE IGNORED

Bankruptcy Rule 8009(a)(1) provides that the "appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to [Bankruptcy] Rule 8007."  Bankruptcy Rule 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court … deems appropriate, which may include dismissal of the appeal."

---

costs pursuant to Bankruptcy Rule 8020.

The time limitations imposed by Bankruptcy Rules 8006 and 8009 are not jurisdictional, and a failure to comply with these deadlines -- unlike the deadline for filing a notice of appeal discussed above -- does not require dismissal of an appeal.  However, the district court may exercise its discretion and dismiss the appeal where appropriate, such as when the appellant has acted in bad faith, negligently, indifferently or with dilatoriness.  *See, e.g. In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir. 1987) (appeal dismissed as, among other things, appellate brief was not filed within 15 day period established by Bankruptcy Rule 8009); *Burton v. Schachter (In re Burton),* 316 B.R. 138, 139-40 (S.D.N.Y. 2004) (appeal dismissed as, among other things, designation of items and statement of issues not filed within ten-day period established by Bankruptcy Rule 8006).

Here, Johnson has gone to great lengths to try to file an appeal of an order that is no longer appealable.  But she has also failed to timely file the required appellate brief.  This is evidence, in addition to that set forth above and in a review of the documents provided in this appeal, that Johnson is acting in bad faith, negligently, indifferently and/or with dilatoriness.  For these reasons, the Court should additionally or alternatively dismiss this appeal under Rule 8001.

WHEREFORE, the Creditor Trust respectfully requests that the Court (a) grant the Motion to Dismiss the Johnson appeal in its entirety as the Court has no jurisdiction; and/or (b) exercise its discretion to grant the Motion to Dismiss pursuant to Bankruptcy Ruel 8001.  The Creditor Trust also requests the Court grant such other and further relief as the Court may deem just and appropriate.

Dated:   New York, New York
         June 29, 2007

      */s/ Douglas E. Deutsch*
David M. LeMay (DL 9093)
Douglas E. Deutsch (DD 7229)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
Attorneys for Spiegel Creditor Trust