CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
David M. LeMay (DL 9093)
Douglas E. Deutsch (DD 7229)

Attorneys for the Spiegel Creditor Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
:   Chapter 11
:
In re:                                                       :
:   Case No. 03 - 11540 (BRL)
SPIEGEL, INC., et al.,                                       :
:   (Jointly Administered)
:
Reorganized Debtors.   :
:
:
------------------------------------------------------------x

### NOTICE OF DISMISSAL OF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ACTION FILED BY JACQUELINE J. JOHNSON AND NOTICE OF SPIEGEL CREDITOR TRUST'S INTENTION TO PROSECUTE PENDING OBJECTION TO JOHNSON (CLAIM NO. 4248)

The Spiegel Creditor Trust, as successor to the Debtors (as defined below) in certain matters, respectfully provides notice of the following:

1.   As set forth in the Supplemental Statement of the Spiegel Creditor Trust in Support of the Debtors' Twenty-Fourth Omnibus Objection to Proofs of Claim with Respect to the Claim of Jacqueline J. Johnson (Docket No. 4335) (the "Supplemental

Statement"), on or about February 13, 2003, Jacqueline J. Johnson ("Johnson") filed a "Charge of Discrimination" (hereafter, the "Complaint") with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission (the "EEOC") against Spiegel, Inc. ("Spiegel") asserting that Spiegel provided negative employment information on Johnson.  *See* Supplemental Statement, Exhibit A .

2.     On October 15, 2004, Johnson filed Proof of Claim No. 4248 against Spiegel in the amount of $100,000 (the "Johnson Claim") asserting damages pursuant to a "Complaint and or Law Suit filed against [Spiegel] for reasons of discrimination[.]" *See* Supplemental Statement, Exhibit E.

3.     On December 9, 2004, the Debtors filed their Twenty-Fourth Omnibus Objection to Proofs of Claim (Docket No. 2431) (the "Twenty-Fourth Omnibus Objection"), which, among other things, objected to the Johnson Claim on the grounds that pursuant to the Debtors' books and records no amount was due and owing to Johnson.  On January 4, 2005, Johnson filed a response to the Twenty-Fourth Omnibus Objection (Docket No. 2593).

4.     Before and after the filing of the Johnson Claim, the State of Illinois Department of Human Resources was investigating and/or otherwise reviewing the allegations set forth in the Complaint.  Eventually, an order entered by the State of Illinois Department of Human Resources dismissing the Complaint based on lack of

substantial evidence became a final, non-appealable order. *See* Supplemental Statement, Exhibits B, C, D, G, H and I.

5. On February 2, 2006, the Spiegel Creditor Trust filed the Supplemental Statement requesting the Court disallow the Johnson Claim because the underlying Complaint had been dismissed by the State of Illinois Department of Human Resources.

6. On February 7, 2006, Johnson filed a response to the Supplemental Statement (Docket No. 4360) (the "Response") indicating, among other things, that the EEOC was still reviewing her Complaint.

7. On November 8, 2006, the EEOC issued a "Dismissal and Notice of Rights" indicating that "the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." *See* **Exhibit A.**

8.      Given that the underlying Complaint was previously dismissed by the State of Illinois Department of Human Resources and given that the underlying Complaint has now also been dismissed by the EEOC, Johnson cannot satisfy her burden with respect to the Johnson Claim. Accordingly, the Spiegel Creditor Trust hereby provides notice that it will move forward on the prosecution of its objection to the Johnson Claim at the next omnibus hearing.[1]

Dated: November 28, 2006
       New York, New York

                                        CHADBOURNE & PARKE LLP

                                      By:    */s/ Douglas E. Deutsch*
                                                     David M. LeMay (DL 9093)
                                                     Douglas E. Deutsch (DD 7229)
                                                     30 Rockefeller Plaza
                                                     New York, New York 10112
                                                     (212) 408-5100

                                      Attorneys for the Spiegel Creditor Trust

---

[1] The Spiegel Creditor Trust has previously provided notice, orally and in writing, to Johnson that it would schedule this hearing on the Johnson Claim for December 19, 2006. The Spiegel Creditor Trust also orally notified Johnson that she should seek legal counsel with respect to this matter.

4

EEOC Form 161 (CE-98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Jacqueline J. Johnson<br>10305 S. Bensley<br>Chicago, IL 60617 | From: | EEOC<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2003-01343 | Nola Smith, State and Local | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
**John P. Rowe**, District Director                    (Date Mailed)

Enclosure(s)

cc: **Douglas Deutsch**
**CHADBOURNE & PARKE LLP**
**30 Rockefeller Plaza**
**New York, New York 10112**

Case 1:07-cv-03947-RJH    Document 6-5    Filed 06/29/2007    Page 6 of 8

Complainant Name:   JACQUELINE J. JOHNSON
Charge Number:      2003CF2410
Page 2

        to my subsequent employer, the Chicago Public School System, at their Chicago Vocational High School location. Based upon an inspection of the case file of my most recently filed charge against the Respondent, I discovered there was negative employment information which had been transmitted and received by Respondent and my subsequent employer.

3. Respondent's adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.  03W0923.16 | X IDHR<br>X EEOC | 2003CF2410 |

Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (include area code) |
|---|---|---|
| JACQUELINE J. JOHNSON | | 773-978-5646 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 10305 S BENSLEY | CHICAGO, IL 60617 | 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| SPIEGEL INC | | 630 986-8800 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1575 W 22ND STREET | OAK BROOK, IL 60522 | 043 |
| NAME | | TELEPHONE (include area code) |
| | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| RETALIATION | EARLIEST (ADEA/EPA)   LATEST (ALL)<br>  / /                  04/01/2002<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

I.  A.  ISSUE/BASIS

TRANSMISSION OF NEGATIVE EMPLOYMENT REFERRALS, ON OR ABOUT APRIL 1, 2002, IN RETALIATION FOR HAVING FILED PREVIOUS CHARGES OF EMPLOYMENT DISCRIMINATION.

B.  PRIMA FACIE ALLEGATIONS

1. On September 27, 1989, January 15, 1992, September 28, 1993, and again on August 26, 1999, I engaged in protected activities by having filed charges numbered 1990CF0885, 1992CF1850, 1994CF0846, and 2000CF0378 against the Respondent with the Illinois Department of Human Rights.

2. On or about April 1, 2002, I discovered that the Respondent, through their corporate counsel, Debra Divis, had transmitted negative employment references

| X I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements)<br>*Alice M. Ralph*  02/13/03 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| OFFICIAL SEAL<br>ALICE M. RALPH<br>NOTARY PUBLIC, STATE OF ILLINOIS<br>MY COMMISSION EXPIRES 3-13-2006<br>Notary Public Seal | SIGNATURE OF COMPLAINANT    DATE<br>*[signature]*  2-13-03<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year) |

EEOC FORM 5 (6/00)    FEP9JJT3

Complainant Name:  JACQUELINE J. JOHNSON
Charge Number:  2003CF2410
Page 2

      to my subsequent employer, the Chicago Public School System, at their Chicago Vocational High School location. Based upon an inspection of the case file of my most recently filed charge against the Respondent, I discovered there was negative employment information which had been transmitted and received by Respondent and my subsequent employer.

3. Respondent's adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG