IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In regards to SPIEGEL, INC., et al.,       ) Chapter 11
Reorganized Debtors.                       ) Case No. 03-11540 (BRL)
                                           ) (Jointly Administered)
                                           )
                                           )
JACQUELINE J. JOHNSON                      ) Claim No. 4248
Claimant

RESPONSE TO THE SPIEGEL CREDITOR TRUST NOTICE OF
DISMISSSAL OF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ACTION FILED BY JACQUELINE J. JOHNSON AND NOTICE OF SPIEGEL
CREDITOR TRUST'S INTENTION TO PROSECUTE PENDING OBJECTION TO
JOHNSON (CLAIM NO. 4248)

1.      As set forth in the Supplemental Statement of the Spiegel Creditor
        Trust in Support of the Debtors' Twenty-Fourth Omnibus Objection to
        Proofs of Claim with Respect to the Claim of Jacqueline J Johnson
        (Docket No. 4335) (the ''Supplemental Statement''). On or about
        February 13, 2003, (Claimant) Jacqueline J. Johnson ("Johnson") filed
        a "charge of Discrimination" based on retaliation (cohesion) against
        The Spiegel Inc. and the Board of Education with the Illinois
        Department of Human Rights (The "DHR'S") and counter filed it with
        the U.S. Equal Employment Opportunity commission (the "EEOC")
        See Claimant's Exhibit A.

2.      On October 5, 2004 Johnson filed Proof of Claim No. 4248 against
        Spiegel Inc., in the amount of $100,000.00 asserting damages pursuant
        to a violations of the Americans with Disabilities Act of 1990 (ADA)
        and Title VII of the Civil Rights Act of 1964, as amended (Title VII)
        for coercion. Debtor provides documents for (Exhibit E) in the Notice
        to prove the filing date was (October 15, 2004). See Claimant's
        Exhibit B.

3.      On December 29, 2004 Johnson filed objection to notice of
        presentment of order. Debtor provides Johnson with no proof or
        Exhibit to verify what day Debtors filed their Twenty-Fourth Omnibus
        Objection to Proofs of Claim (Docket No. 2431) "nor" that Johnson's
        objection was filed on (January 4, 2005). See Claimant's Exhibit C.

4.      Johnson states with out Exhibits to show date this department was
        investigating and/or otherwise reviewing the allegations set forth in the


RECEIVED

DEC 1 9 2006

U.S. BANKRUPTCY COURT, SDNY
BRL

complaint she can not truthfully reply, further more Johnson does not recognize the name Illinois Department of Human Resources, as mention several times, and request proof thereof. Debtor Cites 6 Exhibits B, C, D, G, H and I, but attaches none of them to Johnson's copy of this Notice for verification. Johnson states that the DHR and the EEOC can be appealed. See Johnson's Exhibit D.

5.  Johnson states with out proof or Exhibits, she cannot truthfully reply to this paragraph.

6.  Johnson's records do not reflect a February 7, 2006 date, and It would take more than 5 days in the mail from February 2, 2006, after Spiegel Creditor Trust filed the Supplemental Statement.

7.  Johnson also state that the EEOC'S Dismissal also allows the Plaintiff to move forth on recovery of any and all damages sought and gives permission to seek such relief. See Claimant's Exhibit E.

8.  Johnson will review her files. Johnson will write to the Director of the EEOC pending any discrepancies in her files. Johnson has contacted Regina at DHR'S for status on the file. The request was placed by phone to the DHR two weeks ago. Regina says it could be viewed on December 18, 2006. See Claimant's Exhibit D.

9.  Johnson filed discrimination prior to Debtors bankruptcy. Johnson could not file suit until The EEOC completed its investigation. Then Johnson has 90 days to file Suit. See Claimant's NOTICE OF SUIT RIGHTS Exhibit E

10. Spiegel Inc. is named as a second party in a violation of the ADA and Title VII Act for coercion. Board of Education party of the first part was found guilty of this violation by the EEOC. DHR was not a part of this investigation. The state portion was dropped and the Federal investigated the complaint. On the letter of substantial evidence the 1st sheet is missing. Johnson is trying to obtain a copy from the EEOC. See Claimant's Exhibit F.

11. Nola Smith explained to Johnson, that she could appeal her decision with the Director of the EEOC.

In closing Claimant Jacqueline Johnson pray that this Honorable Court disallow Spiegel Creditor Trust's Intent to prosecute Pending Objection to Johnson (Claim NO. 4248) to protect Claimant's rights to recovery.

Date:  December 16, 2006

Claimant: Jacqueline Johnson
10305 S. Bensley Ave.
Chicago, Illinois 60617
773 374-7581 or
773 726-0884

# EXHIBIT
# A

| *CHARGE DISCRIMINATION* | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.    03W0923.16 | [X] IDHR<br>[X] EEOC | 2003CF2410 |

Illinois Department of Human Rights and EEOC

| NAME  *(indicate Mr., Ms., Mrs.)*<br>JACQUELINE J.  JOHNSON | | HOME TELEPHONE *(include area code)*<br>773-978-5646 |
|---|---|---|
| STREET ADDRESS<br>10305 S BENSLEY | CITY, STATE AND ZIP CODE<br>CHICAGO, IL 60617 | DATE OF BIRTH<br>00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME  *(IF MORE THAN ONE, LIST BELOW)*

| NAME<br>SPIEGEL INC | | NUMBER OF EMPLOYEES, MEMBERS  15+ | TELEPHONE *(include area code)*<br>630 986-8800 |
|---|---|---|---|
| STREET ADDRESS<br>1575 W 22ND STREET | CITY, STATE AND ZIP CODE<br>OAK BROOK, IL 60522 | | COUNTY<br>043 |
| NAME | | | TELEPHONE *(include area code)* |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON;<br>RETALIATION | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA)   LATEST (ALL)<br>  /  /          04/01/2002<br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE *(if additional space is needed attach extra sheet(s) )*

I.   A.   ISSUE/BASIS

TRANSMISSION OF NEGATIVE EMPLOYMENT REFERRALS, ON OR ABOUT APRIL 1, 2002, IN RETALIATION FOR HAVING FILED PREVIOUS CHARGES OF EMPLOYMENT DISCRIMINATION.

B.   PRIMA FACIE ALLEGATIONS

1.   On September 27, 1989, January 15, 1992, September 28, 1993, and again on August 26, 1999, I engaged in protected activities by having filed charges numbered 1990CF0885, 1992CF1850, 1994CF0846, and 2000CF0378 against the Respondent with the Illinois Department of Human Rights.

2.   On or about April 1, 2002, I discovered that the Respondent, through their corporate counsel, Debra Divis, had transmitted negative employment references

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY *(when necessary for State and Local Requirements)*<br>*Alice M. Ralph*  02/13/03 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct<br><br>OFFICIAL SEAL<br>ALICE M. RALPH<br>NOTARY PUBLIC, STATE OF ILLINOIS<br>MY COMMISSION EXPIRES 3-13-2006<br>Notary Public Seal | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT        DATE<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(Day, month, year)* |

EEOC FORM 5 (6/00)          FEP9JT3

Complainant Name:    JACQUELINE J. JOHNSON
Charge Number:       2003CF2410
Page 2

> to my subsequent employer, the Chicago Public School
> System, at their Chicago Vocational High School
> location.    Based upon an inspection of the case file
> of my most recently filed charge against the
> Respondent, I discovered there was negative employment
> information which had been transmitted and received
> by Respondent and my subsequent employer.

3.    Respondent's adverse action followed my protected
      activity within such a period of time as to raise an
      inference of retaliatory motivation.

ACF/JJT/RCG

# EXHIBIT
# B

October 5, 2004

To: United States Bankruptcy Court
Southern District of New York
Bowling Green Station
P.O. Box 5129
New York, NY 10004-5129

From: Jacqueline Johnson
10305 S. Bensley Ave.
Chicago, Illinois 60617
773 374-7581

Re: SPIEGEL, INC., et al., debtors in Chapter 11 Case No. 03-11540 (CB) (Jointly Administered)

### EXPLANATION OF WHY DOCUMENTS ARE NOT AVILIABLE

To Whom It May Concern:

I, Jacqueline Johnson am the named creditor in this Bankruptcy filed by the above named Debtors.

I would like to begin be saying this is my first time receiving notice of this bankruptcy filed by the above debtors. I, have filed a Complaint and or Law Suit against the above-mentioned debtors, for reasons of discrimination, these complaint were and are filed with (EEOC) The Equal Opportunity Commission. I the creditor have the right under this charge to file a Right To Sue. I, the creditor have all intentions on filing a formal law suit against the above mentioned debtors, to protect any rights I have to claim.

The debtors have committed discrimination against creditor based on retaliation and Coercion, in violation of the ADA and Title VII. I am filing this claim as a result of that violation.

The remedies for violations of the statutes the (EEOC) enforces are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include an agreement by the debtors to cease engaging in unlawful employment practices, placement of identified victims in the positions they would have held but for the discriminatory action, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

The first (Board of Education) party of the suit has been found in violation of the Americans with Disabilities Act of 1990 (ADA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII) for coercion, creditor is awaiting the decision on the second party (Spiegel Inc. et al) in this violation and/or the right to sue.

Estimation of Loss Wages,

$40,320.00 for two years of lost pay.
$60,000.00 for lost benefits, compensatory and punitive damages. Attached is a copy of the Determination.

Sincerely Yours, Jacqueline Johnson

# EXHIBIT
# C

UNITED STATES BANKRUPTCY COURT SOURTHERN DISTRICT OF NEW YORK

SHERARMAN 7 STERLING LLP
559 Lexington Avenue
New York, New York 1002
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
James L. Garrity, Jr. (JG-8389)
Marc B. Hankin (MH-7001)

Attorneys for the Debtors and Debtors in Possession

**In re:  Case No. 03-11540 (CB)**
**Chapter 11**

**SPIEGEL, INC., et al.,**

---

### OBJECTION TO NOTICE OF PRESENTMENT OF ORDER GRANTING THE DEBTORS TWENTY-FOURTH OMNIBUS OBJECTION TO PROOFFS OF CLAIM (NO AMOUNT DUE AND OWING, AMOUNT OF CLAIM INCORRECT, CLAIMS FILED AGAINST INCORRECT DEBTOR, MISCLASSIFIED CLAIMS AND AMENDED OR SUPERSEDED CLAIMS)

I, Jacqueline Johnson state the following is true to the best of my knowledge, I respectfully request that this Honorable Court disallow the Debtor's motion. I have legal court cases pending against SPIEGELS INC.. SPIEGEL INC has been named as second defendant in a discrimination claim; I have filed with the EEOC (Equal Employment Opportunity Commission) for cohesion. The first defendant has already received their letter of sufficient evidence against them. SPIEGEL INC. was a part of this cohesion. The EEOC will try to negotiate a possible settlement. If we cannot settle, my attorney will be filing a lawsuit against the first and second party in this discrimination claim. It is because of this reason, I am requesting this Honorable Court not to grant the debtors motion. If it is granted, it will deprive me of an opportunity to seek any relief, and any chance of relief will be lost.    I will supply a copy of the notice of sufient evidence at the request of this court. My lost under this lawsuit is in the amount of $100,000.00 for punitive and compensatory damage.

Jacqueline Johnson
Pro-se
10305 S. Bensley Ave.
Chicago, Illinois 60617
Phone No. Home (773) 374-7581 Cell (773) 640-1460
Date: December 29, 2004

# EXHIBIT
# D

EX.1



ILLINOIS DEPARTMENT OF HUMAN RIGHTS

# Path of a Charge

## INFORMATION SHEET ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's Procedural Regulations provides that persons charged with employment discrimination, such as yourself, may submit a statement of position or evidence with respect to the allegations contained in this charge.

EEOC's Recordkeeping and Reporting Requirements are set forth at Title 29, Code of Federal Regulations (CFR), Part 1602 (see particularly Section 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records revelant to a charge of discrimination until disposition of the charge or litigation relating to the charge (for ADEA charges, this notice constitutes the written request set out in Part 1627 for respondents to preserve records relevant to the charge--the records to be retained are as described in Section 1602.14, as cited below, and should be kept for the periods described in that section). Parts 1602, 1620 and 1627 also prescribe record retention periods-- generally, three years for basic payroll records and one year for personnel records. Questions regarding retention periods and the types of records to be retained should be resolved by reference to the regulations.

**Section 1602.14 Preservation of records made or kept.**        ...Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the employer shall preserve all personnel records relevant to the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held by the aggrieved person and the application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of "final disposition of the charge or the action" means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court or, where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it shall be an unlawful employment practice for an employer to discriminate against any of his/her employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because s/he has opposed any act or practice made unlawful by these statutes, or because s/he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under these statutes. The Equal Pay Act of 1963 contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with any person because s/he has exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although it is not necessary that you be represented by an attorney while we handle this charge, you have a right and may wish to retain an attorney to represent you. If you are represented by an attorney we request that you provide the Commission with your attorney's name, address, and telephone number, and that you ask your attorney to write to the Commission confirming such representation.

Reverse side of EEOC Form131/131-A

## ILLINOIS DEPARTMENT OF HUMAN RIGHTS
## FILE REQUEST FORM

**INSTRUCTIONS:**

███████████

████████████████████

1. You must be a party to the charge or have an appearance form on file with DHR. If you do not have an appearance on file, you can fill one out when you fill out this form.

2. You will be contacted by telephone when the file is available for reviewing. Generally, files are only available for review on Friday after 1:00PM, for requests received before 4:30PM on Tuesday. When you arrive to review the file, please tell the receptionist that you are here to review a file. If your request is received after Tuesday, you may not be able to review the file until the following Friday.

3. If, after reviewing the file, you want copies of any of the papers in the file, Aloha Document Services handles all copying requests for the Department that are over 20 pages. If you have 20 pages or fewer IDHR staff will copy them free of charge.

DATE: _12-15-06_

CHARGE NUMBER(S): _CF200342CF240_

FILE NAME: _Jacqueline Johnson V Spiegel_

PERSON REQUESTING FILE: _Jacqueline Johnson_

TELEPHONE: _773 3747581_

LATEST STATUS CODE/DATE:_____

NOTE: If you are a party to a charge with a status code from 801 to 995, it can only be reviewed by contacting Information Systems, 312/814-4294.

------------------------------------------------------------------------------

Do not fill out this part of the form. For IDHR use only.

CP/CP Atty contacted: date:_____ time:_____
Comments:_____
RP/RP Atty contacted: date:_____ time:_____
Comments:_____
Date file reviewed:_____ time:_____ confirmed:_____ _____
                                                    Yes/No

Copies needed? NO:_____YES:_____Number:_____DHR:_____
              NO:_____YES:_____Number:_____Aloha_____

Disposition:
Original: Legal Division
Copies:  Quality Control Unit (QCU)
         Aloha Document Services

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

DEC 1 5 2006

RECEIVED

BY_____

IL442-0261
Rev'd 9/06

# EXHIBIT
# E

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Jacqueline J. Johnson<br>10305 S. Bensley<br>Chicago, IL 60617 | From: **EEOC**<br>**Chicago District Office**<br>**500 West Madison Street, Suite 2800**<br>**Chicago, Illinois 60661-2511** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2003-01343** | **Nola Smith, State and Local** | **(312) 886-5973** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
**John P. Rowe, District Director**

| Enclosure(s) | | *(Date Mailed)* |

cc:  **Douglas Deutsch**
**Chadbourne & Parke LLP**
**30 Rockefeller Plaza**
**New York, New York 10112**

# EXHIBIT
# F

EEOC Charge No. 21BA301345
Page 2 of 2


If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include an agreement by the Respondent to cease engaging in unlawful employment practices, placement of identified victims in the positions they would have held but for the discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On behalf of the Commission,


*September 13, 2007*
Date

*John P. Rowe*
John P. Rowe
District Director

+IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In regards to SPIEGEL, INC., et al.,<br>Reorganized Debtors. | ) Chapter 11<br>) Case No. 03-11540 (BRL)<br>) (Jointly Administered)<br>)<br>) |
| JACQUELINE J. JOHNSON<br>Claimant | ) Claim No. 4248 |

PROOF OF SERVICE

I Jacqueline J. Johnson, being first duly sworn on oath, state that she served a copy of the attached response to the Spiegel Creditor Trust Notice of Dismissal of U.S. Equal Employment Opportunity Commission Action And Notice of Spiegel Creditor Trust's Intention To Prosecute Pending Objection To Johnson (Claim No. 4248). Upon each person named below by depositing next day mail, fax, and 1st class mail depositing the same this 16th day of December 2006 at post office located at 95th and South Chicago, in Chicago, Illinois 60617, and from Fax no. 773 374-7581 to 212 541-5369 attention: Douglas E. Deutsch at CHADBOURNE & PARKE LLP

(X) FIRST CLASS MAIL

CHADBOURNE & PARKE LLP
Attention: Douglas E. Deutsch
30 Rockefeller Plaza New York,
New York 10112

(X) Fax No.

CHADBOURNE & PARKE LLP
212 541-5369 Attention: Douglas
E. Deutsch

(X) NEXT DAY MAIL

CHAMBERS AND CLERKS OFFICE OF JUDGE BURON R. LIFLAND
1 Bowlinggreen
New York, New York 10004

TRUSTEES OFFICE
33 Whitehall st.
New York, New York 10004

_____
Jacqueline J. Johnson

SUBSCRIBED AND SWORN TO BEFORE ME
THIS___DAY OF _____2006

_____
NOTARY PUBLIC