```
                                                                    1
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   ---------------------------------x
 4        In the Matter
 5             of                              Case No.
                                               03-11540
 6        SPIEGEL, INC.,
 7                 Debtor.
 8   ---------------------------------x
 9                          December 19, 2006
10                          United States Custom House
                            One Bowling Green
11                          New York, New York 10004
12
13      10th Omnibus Objection; 24th Omnibus Objection; 36th
14   Omnibus Objection.
15
16
     B E F O R E:
17
                 HON. BURTON R. LIFLAND,
18
                              U.S. Bankruptcy Judge.
19
20
21
22
23
24
25
```

```
                                                                    2
 1   A P P E A R A N C E S:
 2
 3           CHADBOURNE & PARKE LLP
 4       Attorneys for the Spiegel Creditor
                  Trust
 5           30 Rockefeller Plaza
             New York, New York 10112
 6
             BY:  DOUGLAS E. DEUTSCH, ESQ.
 7
 8
 9   A L S O   P R E S E N T:
10
11           JAMES GALLAGHER,
12                   Trustee of the Spiegel Creditor Trust
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                              3
 1   P R O C E E D I N G S:
 2               MR. DEUTSCH:  Good morning, your Honor.
 3   Douglas Deutsch from Chadbourne and Parke on behalf of the
 4   Spiegel Creditor Trust.  Your Honor, I have with me today
 5   James Gallagher, who is the trustee of the Spiegel Creditor
 6   Trust.
 7               MR. GALLAGHER:  Good morning, your Honor.
 8               THE COURT:  Good morning.
 9               MR. DEUTSCH:  Your Honor, before I turn to
10   the agenda, we would like to report that at the end of last
11   month the Spiegel creditor trust made an additional
12   distribution, this distribution was of 80 million dollars
13   to the beneficiaries of the Spiegel Creditor Trust.  Your
14   Honor, that's on top of the 67 million dollar distributions
15   made last year.  That equates to 147 million dollars, or
16   about 11 and a half cents per claimant postpetition from
17   the Spiegel Creditor Trust.
18               Your Honor, we respect to the details of
19   where all the monies came from, substantially they came
20   from our securitization interest.  We will come back to
21   your Honor in two months or thereabout with the annual
22   report and provide details on the operations and
23   distributions with respect to the trust, if that's
24   acceptable.
25               THE COURT:  Yes, it is.  Thank you.
```

4

1  　　　　　　MR. DEUTSCH:  Your Honor, if I can now turn
2  to the agenda.
3  　　　　　　THE COURT:  Go ahead.
4  　　　　　　MR. DEUTSCH:  The first item on the agenda,
5  your Honor, is a resolved matter, it is a stipulation that
6  we reached with a landlord called Lanesborough.  They filed
7  proof of claim number 4007 for 65 thousand dollars.  The
8  claim alleged certain alleged prepetition rent and charges.
9  　　　　　　The debtors identified the claim in the
10 10th omnibus objection; a response was filed by
11 Lanesborough, the creditor trust became the successor to
12 the to the debtors, and we reviewed the claim with the
13 assistance of our real estate consultant Keene Realty.  And
14 after discussions with the landlord, reached agreement to
15 settle this claim for 5 thousand 727 dollars.
16 　　　　　　Your Honor, we have to that settlement to
17 present today, if that's acceptable.
18 　　　　　　THE COURT:  I will entertain it.
19 　　　　　　MR. DEUTSCH:  Thank you.  Your Honor, the
20 next matter on the agenda is a contested matter.  I know
21 that the court has seen some papers with respect to it.  It
22 was filed by Ms. Jacqueline Johnson.
23 　　　　　　Ms. Johnson, prepetition, filed a charge of
24 discrimination complaint against Spiegel with two entities,
25 your Honor, the Illinois Department of Human Resources and

5

1   the Federal Equal Employment Opportunity Commission, the
2   EEOC.  Soon after Spiegel filed for bankruptcy.  Ms.
3   Johnson filed claim number 4248 for a hundred thousand
4   dollars, and the proof she attached to her claim was a copy
5   of the complaint filed with both Illinois and the EEOC.
6                Following investigation by the State of
7   Illinois in a detailed review, the department dismissed Ms.
8   Johnson's claim because there was no substantial evidence.
9                A copy of the order is attached to the
10  Spiegel creditor trust supplemental statement as Exhibit B.
11               Ms. Johnson subsequently sought to appeal
12  this dismissal by the state, and failed to satisfy all her
13  appeal obligations.  Accordingly, the original state order
14  became final and we have provided information with respect
15  to the appeal in Exhibits C, D, E and H of the supplemental
16  statement.
17               About the time we filed our supplemental
18  statement , Ms. Johnson filed a paper to alert the court
19  that her claim with the EEOC was still pending.  That was
20  docketed as number 4360.  On November 8th, last month, the
21  EEOC also dismissed Ms. Johnson's claim.  We provided the
22  court with notice of the dismissal on a filing we made
23  November 28th and attached the EEOC dismissal.  We also
24  alerted Ms. Johnson of our intent to move forward with
25  prosecution of the pending objection to this claim.

6

1         On December 16th Ms. Johnson's filed a
2   response to our notice, or at least sent us a copy of the a
3   response, which we forwarded to the court yesterday.  Among
4   other things, Ms. Johnson claimant's not to have received
5   the creditor trust's February 2nd, 2006 supplemental
6   statement.  Your Honor, we would just point to Ms.
7   Johnson's response where she actually cites to the
8   supplemental statements of facts.
9         Ms. Johnson also says that she has the
10  right to appeal the EEOC's decision or otherwise prosecute
11  her action with the EEOC.  We believe this is not accurate,
12  your Honor.  We believe that because Ms. Johnson's claim
13  was based on actions in the State of Illinois, that is, the
14  Department of Human Resource's action and the EEOC action,
15  and that both claims have now been dismissed for lack of
16  substantial evidence, and because the burden is on Ms.
17  Johnson to now demonstrate the validity and amount of her
18  claim and she has failed to do so, we believe that this
19  claim should now be dismissed.
20        Your Honor, we also note that as provided
21  in records set forth in the Illinois Department of Human
22  Rights action, Ms. Johnson has prosecuted at least four
23  different charges of discrimination against Spiegel and
24  that these actions were previously pending before the Human
25  Rights Commission, the Department of Human Rights, the

7

1  Circuit Court of Cook County, the Appellate Court of
2  Illinois, the U.S. District Court, and the U.S. Court of
3  Appeals for the Second Circuit, we believe that Ms.
4  Johnson's is a pro se, serial litigant who is burdening the
5  court, and that for this reason the claim should also be
6  dismissed.
7              THE COURT:  Is Ms. Johnson present?
8              Well, the court has received her response
9  to motion.  There is clearly a lack of adhesion with
10 respect to any of the charges both in the Illinois State
11 proceedings and the EEOC, and there's nothing in her papers
12 that have been filed here which demonstrate any validity to
13 her claims, both on the merits and based upon procedural
14 defects.  The prior dismissals demonstrate somewhat of a
15 burden with respect to dealing with the complaints.
16              I note she is not here again, and I find it
17 appropriate to dismiss her claim on the merits.  Your
18 application is granted.
19              MR. DEUTSCH:  Thank you, your Honor.  May I
20 present the order at the end?
21              THE COURT:  Submit an order.
22              MR. DEUTSCH:  Thank you.
23              Finally, your Honor, the last contested
24 matter we have scheduled for today is with respect to a
25 claim filed by the State of Wisconsin.

8

1           The State of Wisconsin filed a claim on
2  March 14th, 2005 for 48 thousand dollars.  Ultimately it
3  was determined, and the State of Wisconsin acknowledged,
4  that the claim related to a future protective audit that
5  Wisconsin was considering performing with respect to
6  certain postpetition tax liabilities.
7           The claim was identified by the debtors in
8  their 36th omnibus objection, and on May 6th, Wisconsin
9  filed a response to the 36th omnibus objection.
10          Over the last summer, the Spiegel creditor
11 trust contacted Wisconsin and sought to move forward on
12 resolving this claim.  We were told that an audit had not
13 yet been performed and might never be performed.  To
14 resolve this matter quickly, the Spiegel creditor trust and
15 Eddie Bauer performed an analysis and found that claim 4300
16 was based on an incorrect assumption made by the State of
17 Wisconsin, and we also created a report using the same form
18 that was previously used by the State of Wisconsin in an
19 audit, and we demonstrated that the liabilities associated
20 with claim 4300 had already been paid.
21          We provided a copy of the report to the
22 State of Wisconsin to at the end of October.  Although we
23 requested that they comment on that report, they have never
24 responded.  On December 11th we filed a supplemental
25 statement outlining the steps we took and noting our

9

1  intention to prosecute the claim at this hearing.
2              So today we seek to move forward on the
3  36th omnibus objection with respect to this claim.  We have
4  demonstrated that the claim is invalid because it actually
5  lists the wrong type of tax at issue, and is based on an
6  incorrect assumption that we had demonstrated through the
7  exhibits to our supplemental statement, is improper.
8              As such, your Honor, we would seek that you
9  disallow the claim today.
10             THE COURT:  Does anyone want to be heard?
11             Based upon this record, it is clear that
12  the claim was predicated on an audit that was never
13  undertaken, and based upon the facts here, the amount that
14  is set forth in the sales taxes bears no resemblance to any
15  reality or potential liability.  Your application is
16  granted.
17             MR. DEUTSCH:  May I approach?
18             THE COURT:  I'll entertain the orders.
19             MR. DEUTSCH:  Thank you, your Honor.
20             THE COURT:  I've approved the stipulation
21  on the orders.
22             MR. DEUTSCH:  Thank you, your Honor.
23
24
25

10

C E R T I F I C A T E

STATE OF NEW YORK        }
                         }  ss.:
COUNTY OF WESTCHESTER    }

        I, Denise Nowak, a Shorthand Reporter and Notary Public within and for the State of New York, do hereby certify:

        That I reported the proceedings in the within entitled matter, and that the within transcript is a true record of such proceedings.

        I further certify that I am not related, by blood or marriage, to any of the parties in this matter and that I am in no way interested in the outcome of this matter.

        IN WITNESS WHEREOF, I have hereunto set my hand this_____ day of_____, 2007.

                      _____
                        DENISE NOWAK

**A**

acceptable 3:24 4:17
accurate 6:11
acknowledged 8:3
action 6:11,14,14,22
actions 6:13,24
additional 3:11
adhesion 7:9
agenda 3:10 4:2,4
   4:20
agreement 4:14
ahead 4:3
alert 5:18
alerted 5:24
alleged 4:8,8
amount 6:17 9:13
analysis 8:15
annual 3:21
appeal 5:11,13,15
   6:10
Appeals 7:3
Appellate 7:1
application 7:18
   9:15
approach 9:17
appropriate 7:17
approved 9:20
assistance 4:13
associated 8:19
assumption 8:16 9:6
attached 5:4,9,23
Attorneys 2:4
audit 8:4,12,19 9:12

**B**

B 1:16 5:10
back 3:20
bankruptcy 1:1,18
   5:2
based 6:13 7:13 8:16
   9:5,11,13
Bauer 8:15
bears 9:14
behalf 3:3
believe 6:11,12,18
   7:3

beneficiaries 3:13
blood 10:13
Bowling 1:10
burden 6:16 7:15
burdening 7:4
BURTON 1:17

**C**

C 2:1 3:1 5:15 10:1,1
called 4:6
Case 1:5
cents 3:16
certain 4:8 8:6
certify 10:8,12
Chadbourne 2:3 3:3
charge 4:23
charges 4:8 6:23
   7:10
Circuit 7:1,3
cites 6:7
claim 4:7,8,9,12,15
   5:3,4,8,19,21,25
   6:12,18,19 7:5,17
   7:25 8:1,4,7,12,15
   8:20 9:1,3,4,9,12
claimant 3:16
claimant's 6:4
claims 6:15 7:13
clear 9:11
clearly 7:9
come 3:20
comment 8:23
Commission 5:1
   6:25
complaint 4:24 5:5
complaints 7:15
considering 8:5
consultant 4:13
contacted 8:11
contested 4:20 7:23
Cook 7:1
copy 5:4,9 6:2 8:21
County 7:1 10:4
court 1:1 3:8,25 4:3
   4:18,21 5:18,22
   6:3 7:1,1,2,2,5,7,8

7:21 9:10,18,20
created 8:17
creditor 2:4,12 3:4,5
   3:11,13,17 4:11
   5:10 6:5 8:10,14
Custom 1:10

**D**

D 3:1 5:15
day 10:17
dealing 7:15
Debtor 1:7
debtors 4:9,12 8:7
December 1:9 6:1
   8:24
decision 6:10
defects 7:14
demonstrate 6:17
   7:12,14
demonstrated 8:19
   9:4,6
Denise 10:6,19
department 4:25 5:7
   6:14,21,25
detailed 5:7
details 3:18,22
determined 8:3
Deutsch 2:6 3:2,3,9
   4:1,4,19 7:19,22
   9:17,19,22
different 6:23
disallow 9:9
discrimination 4:24
   6:23
discussions 4:14
dismiss 7:17
dismissal 5:12,22,23
dismissals 7:14
dismissed 5:7,21
   6:15,19 7:6
distribution 3:12,12
distributions 3:14
   3:23
District 1:2 7:2
docketed 5:20
dollar 3:14

dollars 3:12,15 4:7
   4:15 5:4 8:2
Douglas 2:6 3:3

**E**

E 1:16,16 2:1,1,6,9,9
   3:1,1 5:15 10:1,1
Eddie 8:15
EEOC 5:2,5,19,21
   5:23 6:11,14 7:11
EEOC's 6:10
Employment 5:1
entertain 4:18 9:18
entities 4:24
entitled 10:10
Equal 5:1
equates 3:15
ESQ 2:6
estate 4:13
evidence 5:8 6:16
Exhibit 5:10
exhibits 5:15 9:7

**F**

F 1:16 10:1
facts 6:8 9:13
failed 5:12 6:18
February 6:5
Federal 5:1
filed 4:6,10,22,23
   5:2,3,5,17,18 6:1
   7:12,25 8:1,9,24
filing 5:22
final 5:14
Finally 7:23
find 7:16
first 4:4
Following 5:6
form 8:17
forth 6:21 9:14
forward 5:24 8:11
   9:2
forwarded 6:3
found 8:15
four 6:22
further 10:12
future 8:4

**G**
G 3:1
Gallagher 2:11 3:5 3:7
Go 4:3
Good 3:2,7,8
granted 7:18 9:16
Green 1:10

**H**
H 5:15
half 3:16
hand 10:17
heard 9:10
hearing 9:1
hereunto 10:16
HON 1:17
Honor 3:2,4,7,9,14 3:18,21 4:1,5,16 4:19,25 6:6,12,20 7:19,23 9:8,19,22
House 1:10
Human 4:25 6:14,21 6:24,25
hundred 5:3

**I**
identified 4:9 8:7
Illinois 4:25 5:5,7 6:13,21 7:2,10
improper 9:7
incorrect 8:16 9:6
information 5:14
intent 5:24
intention 9:1
interest 3:20
interested 10:15
invalid 9:4
investigation 5:6
issue 9:5
item 4:4

**J**
Jacqueline 4:22
James 2:11 3:5
Johnson 4:22,23 5:3 5:11,18,24 6:4,9 6:17,22 7:7
Johnson's 5:8,21 6:1 6:7,12 7:4
Judge 1:18

**K**
Keene 4:13
know 4:20

**L**
L 2:9
lack 6:15 7:9
landlord 4:6,14
Lanesborough 4:6 4:11
liabilities 8:6,19
liability 9:15
LIFLAND 1:17
lists 9:5
litigant 7:4
LLP 2:3

**M**
March 8:2
marriage 10:13
matter 1:4 4:5,20,20 7:24 8:14 10:10,14 10:15
merits 7:13,17
million 3:12,14,15
monies 3:19
month 3:11 5:20
months 3:21
morning 3:2,7,8
motion 7:9
move 5:24 8:11 9:2

**N**
N 2:1,9 3:1
never 8:13,23 9:12
New 1:2,11,11 2:5,5 10:3,8
Notary 10:7
note 6:20 7:16
notice 5:22 6:2
noting 8:25

November 5:20,23
Nowak 10:6,19
number 4:7 5:3,20

**O**
O 1:16 2:9 3:1
objection 1:13,13,14 4:10 5:25 8:8,9 9:3
obligations 5:13
October 8:22
omnibus 1:13,13,14 4:10 8:8,9 9:3
operations 3:22
Opportunity 5:1
order 5:9,13 7:20,21
orders 9:18,21
original 5:13
outcome 10:15
outlining 8:25

**P**
P 2:1,1,9 3:1
paid 8:20
paper 5:18
papers 4:21 7:11
Parke 2:3 3:3
parties 10:14
pending 5:19,25 6:24
performed 8:13,13 8:15
performing 8:5
Plaza 2:5
point 6:6
postpetition 3:16 8:6
potential 9:15
predicated 9:12
prepetition 4:8,23
present 4:17 7:7,20
previously 6:24 8:18
prior 7:14
pro 7:4
procedural 7:13
proceedings 7:11 10:9,11
proof 4:7 5:4

prosecute 6:10 9:1
prosecuted 6:22
prosecution 5:25
protective 8:4
provide 3:22
provided 5:14,21 6:20 8:21
Public 10:7

**Q**
quickly 8:14

**R**
R 1:16,17 2:1,9 3:1 10:1
reached 4:6,14
real 4:13
reality 9:15
Realty 4:13
reason 7:5
received 6:4 7:8
record 9:11 10:11
records 6:21
related 8:4 10:13
rent 4:8
report 3:10,22 8:17 8:21,23
reported 10:9
Reporter 10:6
requested 8:23
resemblance 9:14
resolve 8:14
resolved 4:5
resolving 8:12
Resources 4:25
Resource's 6:14
respect 3:18,23 4:21 5:14 7:10,15,24 8:5 9:3
responded 8:24
response 4:10 6:2,3 6:7 7:8 8:9
review 5:7
reviewed 4:12
right 6:10
Rights 6:22,25,25
Rockefeller 2:5

**S**

**S** 2:1,9,9 3:1
sales 9:14
satisfy 5:12
says 6:9
scheduled 7:24
se 7:4
Second 7:3
securitization 3:20
seek 9:2,8
seen 4:21
sent 6:2
serial 7:4
set 6:21 9:14 10:16
settle 4:15
settlement 4:16
Shorthand 10:6
somewhat 7:14
Soon 5:2
sought 5:11 8:11
SOUTHERN 1:2
Spiegel 1:6 2:4,12
   3:4,5,11,13,17
   4:24 5:2,10 6:23
   8:10,14
ss 10:3
state 5:6,12,13 6:13
   7:10,25 8:1,3,16
   8:18,22 10:3,7
statement 5:10,16
   5:18 6:6 8:25 9:7
statements 6:8
States 1:1,10
steps 8:25
stipulation 4:5 9:20
Submit 7:21
subsequently 5:11
substantial 5:8 6:16
substantially 3:19
successor 4:11
summer 8:10
supplemental 5:10
   5:15,17 6:5,8 8:24
   9:7

**T**

**T** 2:9 10:1,1
tax 8:6 9:5
taxes 9:14
Thank 3:25 4:19
   7:19,22 9:19,22
thereabout 3:21
things 6:4
thousand 4:7,15 5:3
   8:2
time 5:17
today 3:4 4:17 7:24
   9:2,9
told 8:12
top 3:14
transcript 10:11
true 10:11
trust 2:4,12 3:4,6,11
   3:13,17,23 4:11
   5:10 8:11,14
trustee 2:12 3:5
trust's 6:5
turn 3:9 4:1
two 3:21 4:24
type 9:5

**U**

Ultimately 8:2
undertaken 9:13
United 1:1,10
U.S 1:18 7:2,2

**V**

validity 6:17 7:12

**W**

want 9:10
way 10:14
WESTCHESTER
   10:4
WHEREOF 10:16
Wisconsin 7:25 8:1
   8:3,5,8,11,17,18
   8:22
WITNESS 10:16
wrong 9:5

**X**

x 1:3,8

**Y**

year 3:15
yesterday 6:3
York 1:2,11,11 2:5,5
   10:3,8

**0**

03-11540 1:5

**1**

10th 1:13 4:10
10004 1:11
10112 2:5
11 3:16
11th 8:24
14th 8:2
147 3:15
16th 6:1
19 1:9

**2**

2nd 6:5
2005 8:2
2006 1:9 6:5
2007 10:17
24th 1:13
28th 5:23

**3**

30 2:5
36th 1:13 8:8,9 9:3

**4**

4007 4:7
4248 5:3
4300 8:15,20
4360 5:20
48 8:2

**5**

5 4:15

**6**

6th 8:8
65 4:7
67 3:14

**7**

727 4:15

**8**

8th 5:20
80 3:12