IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In regards to SPIEGEL, INC., et al., Reorganized Debtors. | ) Chapter 11<br>) Case No. 03-11540 (BRL)<br>) (Jointly Administered)<br>)<br>) |
| JACQUELINE J. JOHNSON<br>Claimant | ) Claim No. 4248 |

MOTION FOR REQUEST FOR RECONSIDERATION OF ORDER GRANTING
TWENTY-FOUTH OMNIBUS OBJECTIN TO PROOFS OF CLAIM WITH RESECT
TO CLAIM NUMBER 4248 FILED BY JACQUELINE JOHNSON

On December 19, 2006 an order was enter in respond to the Debtors' Twenty-Fourth Omnibus Objection to Proofs of Claim (Docket No. 2431), and The Objection was seeking entry of an order disallowing and expunging proof of claim number 4248 as it relate to Jacqueline Johnson's claim (Objection Claim No. 2593). The order was entered on the above date expunging and disallowing Johnson's claim in its entirety, and that the court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Claimant Jacqueline Johnson states this fact: She received a copy of the order on January 3, 2006. Two and a half week after it allegedly was sent. Johnson furthers states that she spoke with Douglas Deutsch. At that time Douglas Deutsch explained that Claimant only had two weeks to request reconsideration. Claimant explained she had only that day of the phone conversation received the order. With all this being said Claimant is requesting the two-week period to file her request for reconsideration of the above order for the following reasons:

1. Claimant has a postmark from the post office that delivered the letter stating the date of delivery. Ex A
2. Debtor neglected to mail a copy of the order timely. Which keep it from reaching claimant in ample enough time to file request for reconsideration. Ex A and B
3. Debtor electronically filed a proof of service two days after it was supposed to have been placed in the U.S. mail (Debtor used metered stamp). Ex A
4. Because did not send the order with a tracking or special delivery, Debtor has no proof of when the letter was mailed. Claimant has proof of when the order was received.

Rule 8001 of the Feral Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, that an appeal from an order of a bankruptcy court must be made within

the time allowed by Bankruptcy Rule 8002. FED. R. BANKR. P. 8001. Under Bankruptcy Rule 8002, a notice of appeal must be filed within 10 days of the date of the entry of the judgment, order or decree appealed from. If a notice of appeal is not filed timely, the appellate court is void of jurisdiction to consider the matter. In re Simeon, 421 F.3d 467 (2d Cir. 2005). If the time for fling a notice of appeal ahs expired, a court may consider a motion to extend the time to file if the motion is made, "before the time for filing a notice of appeal has expired," except that if a motion is filed within 20 days after the time to file a notice of appeal has expired, the motion to extend time to file may be granted upon a showing of excusable neglect. FED. R. BANKR. P. 8002(c)(2). The burden of proving excusable neglect lies with claimant filing late. Midland Cogeneration Venture Limited Partnership v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 121 (2d Cir. 2005).

In the Bankruptcy court for the state of New York Southern District, claimant ran across a similar claim (Creditors Alfred R. Johnson and Clarence R. Morris) their claims were also expunged. This same case argued that information was never reached in time, from the same Debtor and or law office (Douglas Deutsch) handling this Bankruptcy for Spiegel Inc. Two different cases, two different states this seem like more that a coincident. Claimant prays, that this court will consider her statements and or evidence presented, and allows claimant an opportunity to file her request for reconsideration.

In conclusion, Claimant states, that all other time sensitive material from Debtor's were hand delivered, for proof of service. A courtesy not extended to Claimant's order.

January 6, 2007

Jacqueline Johnson
10305 S. Bensley Ave.
Chicago, Illinois 60617
Home: 773 374-7581

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                               :
                                               :   Chapter 11
                                               :
In re:                                         :   Case No. 03 - 11540 (BRL)
                                               :
SPIEGEL, INC., et al.,                         :   (Jointly Administered)
                                               :
            Reorganized Debtors.               :
                                               :
                                               :
                                               :
------------------------------------------------------------x

## ORDER GRANTING TWENTY-FOURTH OMNIBUS OBJECTION TO PROOFS OF CLAIM WITH RESPECT TO CLAIM NUMBER 4248 FILED BY THE JACQUELINE J. JOHNSON

Upon the Debtors' Twenty-Fourth Omnibus Objection to Proofs of Claim (Docket No. 2431) (the "Objection"),[1] seeking entry of an order disallowing and expunging proof of claim number 4248; and upon consideration of the Response of Jacqueline J. Johnson to Debtors' Twenty-Fourth Omnibus Objection to Claims (Docket No. 2593), the Supplemental Statement of the Spiegel Creditor Trust with Respect to the Claim of Jacqueline J. Johnson (Docket No. 4335), the Response of Jacqueline J. Johnson to the Supplemental Statement of the Spiegel Creditor Trust in Support of the Twenty-Fourth Omnibus Objection to Claims (Docket No. 4360), the Notice of Dismissal of U.S. Equal Employment Opportunity Commission Action Filed by Jacqueline J. Johnson and Notice of Spiegel Creditor Trust's Intention to Prosecute Pending Objection to Johnson (Docket No. 4588), and the Response to the Spiegel Creditor Trust Notice of Dismissal of U.S. Equal Employment Opportunity Commission Action Filed by Jacqueline J. Johnson and Notice of Spiegel Creditor Trust's Intention to Prosecute Pending

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Objection.

NY4 - 199345.01

Objection to Johnson (Claim No. 4248); and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that the relief requested in the Objection is in the best interests of the Spiegel Creditor Trust; and it appearing that notice of the Objection has been given as provided in the Objection, and that no other or further notice need be given; and upon the record herein and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Objection is granted; and it is further

ORDERED, that proof of claim 4248 filed by Jacqueline J. Johnson be and hereby is disallowed and expunged in its entirety; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
       December 19, 2006

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

NY4 - 199345.01

EX. A



**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza, New York, NY 10112

Jacqueline J. Johnson
10305 South Bensley
Chicago, Illinois 60617

JAN 03 2007

*Ex. B*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re:                                    Chapter 11

Spiegel, Inc. et al.,                     Case No.: 03-11540


----------------------------------------------------------x


APPEARANCES:
LAW OFFICES OF JAMES P. CONNORS
Attorneys for Creditors Alfred R. Johnson and Clarence R. Morris
221 South High Street
Columbus, Ohio 43215
(614) 221-6889
By:    James P. Connors, Esq.

CHADBOURNE & PARKE
Attorneys for Spiegel Creditor Trust
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100
By:    David LeMay, Esq.
       Douglas Deutsch, Esq.


Before:         Burton R. Lifland
                United States Bankruptcy Judge


## DECISION DENYING MOTION FOR ENLARGEMENT OF TIME IN WHICH TO FILE NOTICE OF APPEAL

Creditors Alfred R. Johnson and Clarence R. Morris (the "Movants") move for leave to file an appeal or alternatively an enlargement of the time in which to file a notice of appeal (the "Appeal Motion") of this Court's decision denying the Movants' Motion for Reconsideration relating to expungement of claims. On September 8, 2005, this Court denied the Motion for Reconsideration. On September 21, 2005, one day after the appeal period expired, the Movants filed a notice of appeal and

the Appeal Motion.

**Background**

In 2003, Spiegel Inc. and its affiliated entities (collectively the "Debtors") filed a petition for relief under chapter 11 of the United States Bankruptcy Code (the "Code"). The Movants filed a proof of claim in the Debtors' case but attached to the claim form was a judgment against a non-debtor entity, Spiegel Management Group. On March 2, 2005, the Debtors filed an objection to the Movants' claims. The deadline for filing responses to the objection was April 14, 2005. No response was filed and the claims were expunged on April 19, 2005. On August 8, 2005, the Movants filed the Motion for Reconsideration, requesting that the Court reinstate their claims. The Spiegel Creditor Trust (the "Trust") opposed the Motion. At the hearing on September 8, 2005, this Court heard oral arguments, denied the Motion for Reconsideration, so ordered the record and entered on the docket a Minutes of Proceeding Order stating the decision of the Court.

The Movants concede that the Appeal Motion may have been filed late, but any lateness was due to confusion with respect to the order denying the Motion for Reconsideration and request that this confusion be considered by the Court to be excusable neglect.

**Discussion**

Rule 8001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that an appeal from an order of a bankruptcy court must be made within the time allowed by Bankruptcy Rule 8002. FED. R. BANKR. P. 8001. Under Bankruptcy Rule 8002, a notice of appeal must be filed within 10 days of the date of the entry of the judgment, order or decree appealed from. FED. R. BANKR. P. 8002. If a notice of appeal is not filed timely, the appellate court is void of jurisdiction to consider the matter. *In re Simeon*, 421 F.3d 467 (2d Cir. 2005).

If the time for filing a notice of appeal has expired, a court may consider a motion to extend the time to file if the motion is made, "before the time for filing a notice of appeal has expired," except that if a motion is filed within 20 days after the time to file a notice of appeal has expired, the motion to extend time to file may be granted upon a showing of excusable neglect. FED. R. BANKR. P. 8002(c)(2). The burden of proving excusable neglect lies with claimant filing late. *Midland Cogeneration Venture Limited Partnership v. Enron Corp.* (In re Enron Corp.), 419 F.3d 115, 121 (2d Cir. 2005).

The United States Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates L.P.*, 507 U.S. 380 (1993) set forth a four factor test for determining whether excusable neglect has been established. The factors include (i) the length of the delay; (ii) the danger of prejudice; (iii) the movant's good faith; and (iv) the reason for the late filing, including a consideration of whether the circumstances were beyond the control of the late filer. *Id.* at 395. In *Silivanch v. Celebrity Cruises*, 333 F.3d 355 (2d Cir. 2003), the Second Circuit noted that it takes a "hard line" relating to excusable neglect. *Id.* at 368, *see also Midland Cogeneration Venture Limited Partnership*, 419 F.3d at 122. The court noted that the most significant factor is typically the movant's reason for the late filing and whether the reason for delay was within the control of the movant. *Id.* at 366, *see also Midland Cogeneration Venture Limited Partnership*, 419 F.3d at 122. In *Silivanch*, the Second Circuit noted that the excusable neglect standard is not established due to an "inability or refusal to read and comprehend the plain language of federal rules." *Silivanch*, 333 F.3d at 368. Movants have failed to demonstrate a sufficient reason for their failure to appeal timely or that the failure to appeal timely was beyond their control. Movants have not met their burden in establishing that any of the remaining factors weigh in their favor.

At the conclusion of the hearing, the attorneys for the Trust chose to have the record "so

ordered" and the attorney for the Movants agreed. I so ordered the record and following the hearing a Minutes of Proceeding was entered on the docket ordering that the motion was denied. The Movants' subsequent failure to appeal within the appropriate time frame was inexcusable.

In light of my ruling on the record and the subsequent docketing of an order, I deny Movants' motion for leave to appeal and I find that the Movants have not demonstrated excusable neglect and therefore their application for extended time to appeal is denied. Moreover, given the history of motion practice in this case, this effort to further draw out litigation will not be countenanced by this Court.

Dated:   New York, New York
         October 31, 2005

                                    /s/ Burton R. Lifland
                                    United States Bankruptcy Judge

4