CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
David M. LeMay (DL 9093)
Douglas E. Deutsch (DD 7229)

Attorneys for the Spiegel Creditor Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
:
:                    **Chapter 11**
:
**In re:**                    :
:                    **Case No.  03 - 11540 (BRL)**
**SPIEGEL, INC., et al.,**    :
:                    **(Jointly Administered)**
:
                    **Reorganized Debtors.**    :
:
:
:
------------------------------------------------------------x

**RESPONSE OF THE SPIEGEL CREDITOR TRUST TO MOTION FOR**
**REQUEST FOR RECONSIDERATION OF ORDER GRANTING**
**TWENTY-FOURTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**
**WITH RESPECT TO CLAIM NUMBER 4248 FILED BY JACQUELINE JOHNSON**

The Spiegel Creditor Trust (the "Creditor Trust"), as successors to the debtors (the

"Debtors") in the above referenced action, hereby submits this Response (the "Response") to the

Motion for Request for Reconsideration of Order Granting Twenty-Fourth Omnibus Objection to

Proofs of Claim with Respect to Claim Number 4248 (the "Motion") Filed by Jacqueline

Johnson ("Johnson").  In support of this Response, the Creditor Trust respectfully represents as

follows:

## PRELIMINARY STATEMENT

1.      Johnson was employed by Spiegel, Inc. ("Spiegel") from 1987 through 1990. Since that time, and excluding the most recent action, she has filed at least four charges of discrimination and has sued Spiegel several times in different forums. In each case, the lawsuits or actions have been dismissed. This Court added to that list of dismissals last month. Now, Johnson continues her quest to burden courts, agencies and Spiegel (including its successor) with frivolous litigation, seeking leave to file a late appeal or that the Court reconsider its prior order disallowing her claim.

2.      The basis for Johnson's request seems to be simple: she says she did not receive the order disallowing her claim in a timely fashion and thus could not file a timely appeal. She suggests that this is because counsel to the Creditor Trust engaged in some sort of nefarious act with respect to the mailing of the order. Of course, although she attacks the integrity of counsel, Johnson fails to provide any facts that would support her allegation. This is inexcusable. Were Johnson not a *pro se* litigant, we believe she would be subject to Rule 11 sanctions.

3.      This Court considered Johnson's last response to the objection to her claim in December. It then entered an order disallowing her claim. Johnson has added nothing new in the Motion that is legally significant. She should not, therefore, obtain a proverbial second bite at the apple. It is time that these matters finally end. Johnson's Motion should, accordingly, be denied.

## BACKGROUND

4.      As set forth in the Supplemental Statement of the Spiegel Creditor Trust in Support of the Debtors' Twenty-Fourth Omnibus Objection to Proofs of Claim with Respect to the Claim of Jacqueline J. Johnson (Docket No. 4335) (the "Supplemental Statement"), on or

2

about February 13, 2003, Jacqueline J. Johnson ("Johnson") filed a "Charge of Discrimination" (hereafter, the "Complaint") with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission (the "EEOC") against Spiegel, Inc. ("Spiegel") asserting that Spiegel provided negative employment information on Johnson. *See* Supplemental Statement, Exhibit A .

5.    On October 15, 2004, Johnson filed Proof of Claim No. 4248 against Spiegel in the amount of $100,000 (the "Johnson Claim") asserting damages pursuant to a "Complaint and or Law Suit filed against [Spiegel] for reasons of discrimination[.]" *See* Supplemental Statement, Exhibit E.

6.    On December 9, 2004, the Debtors filed their Twenty-Fourth Omnibus Objection to Proofs of Claim (Docket No. 2431) (the "Twenty-Fourth Omnibus Objection"), which, among other things, objected to the Johnson Claim.  On January 4, 2005, Johnson filed a response to the Twenty-Fourth Omnibus Objection (Docket No. 2593).

7.    Before and after the filing of the Johnson Claim, the State of Illinois Department of Human Resources was investigating and/or otherwise reviewing the allegations set forth in the Complaint.  Eventually, an order entered by the State of Illinois Department of Human Resources dismissing the Complaint based on lack of substantial evidence became a final, non-appealable order. *See* Supplemental Statement, Exhibits B, C, D, G, H and I.

8.    On February 2, 2006, the Spiegel Creditor Trust filed the Supplemental Statement requesting the Court disallow the Johnson Claim because the underlying Complaint had been dismissed by the State of Illinois Department of Human Resources.  On February 7, 2006, Johnson filed a response to the Supplemental Statement (Docket No. 4360) indicating, among

other things, that the EEOC was still reviewing her Complaint. Accordingly, the Creditor Trust delayed prosecution of its objection to the Johnson Claim at that time.

9.     In November, 2006, the EEOC issued a "Dismissal and Notice of Rights" indicating that "the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." *See* **Exhibit A** hereto.

10.     On November 28, 2006, the Creditor Trust filed its Notice of Dismissal of the U.S. Equal Employment Opportunity Commission Action Filed by Jacqueline J. Johnson and Notice of Creditors Trust's Intention to Prosecute Pending Objection to Johnson (Claim No. 4248) (the "Notice of Dismissal") (Docket No. 4588). In that Notice of Dismissal, the Creditor Trust indicated that it would prosecute its objection to the Johnson Claim on December 19, 2006, the next scheduled omnibus hearing in this bankruptcy case.

11.     Johnson did not attend the omnibus hearing on December 19, 2006. However, Johnson did file a response with respect to the pending objection and the Notice of Dismissal. *See* Response to the Spiegel Creditor Trust Notice of Dismissal of U.S. Equal Employment Opportunity Commission Action Filed by Jacqueline J. Johnson and Notice of Spiegel Creditor Trust's Intention to Prosecute Pending Objection to Johnson (Claim No 4248) (Docket No. 4610) (the "Response to EEOC Dismissal"). The Response to EEOC Dismissal was considered by the Court at the hearing on December 19, 2006.

12.     On December 19, 2006, the Court entered the Order disallowing and expunging the Johnson Claim in its entirety. *See* Order Granting Twenty-Fourth Omnibus Objection to Proofs of Claim with Respect to Claim Number 4248 Filed by Jacqueline J. Johnson (Docket No. 4606) (the "Disallowance Order").

13.    On December 19, 2006, a copy of the Disallowance Order was placed in the mail to Johnson.  *See* **Exhibit B** (Affidavit of Service) (Docket No. 4614).

## ARGUMENT

14.    It is unclear from the Motion to Reconsider what exact relief Johnson is seeking.[1] Although confused by Johnson's request(s), we will treat the Motion for Reconsideration as (a) a request to file a late notice of appeal pursuant to Bankruptcy Rule 8002(c)(2) and (b) a request to the Court to reconsider its Disallowance Order.  For the reasons set forth below, both requests should be denied.

**I.    Johnson's Motion to Extend Time to File Appeal Should be Denied Because Johnson's Delay was Not the Product of Excusable Neglect**

15.    Even though Johnson missed the ten-day deadline for filing a notice of appeal from the Order pursuant to Rule 8002, this Court may consider her request an extension to file an appeal if the motion is made within 20 days after the time to file a notice of appeal has expired. *See* Bankruptcy Rule 8002 (c)(2).  However, such a request may only be granted if Johnson can show that her failure to meet the ten-day deadline was due to excusable neglect. *See id.; see also Xuchang Rihetai Human Hair Goods Co.* v. *Hongjun Sun (In re Hongjun Sun),* 323 B.R. 561, 563 (Bankr. E.D.N.Y. 2005).

---

[1]    On the one hand, the Motion to Reconsider references Bankruptcy Rules 8001 and 8002, both of which relate to filing appeals. Johnson argues that the reason she missed the ten-day deadline to seek appeal under Rule 8002 is due to the Creditor Trust's failure to timely serve her with the Disallowance Order. On the other hand, Johnson seems to be seeking reconsideration of the Order expunging her claim. Johnson's Motion to Reconsider is entitled "Motion for Request for Reconsideration," and she concludes her Motion by asking the court to allow her "an opportunity to file her request for reconsideration. "

16.    While "excusable neglect" is not defined in the Bankruptcy Code or the Bankruptcy Rules, the Supreme Court has provided guidance on the meaning of this term in *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The Supreme Court explained that "excusable neglect" is an equitable determination and enunciated four factors for courts to consider, including: (i) the danger of prejudice to the non-movant; (ii) the length of delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith. *See id.* at 395 (citations omitted).

17.    While *Pioneer* dealt with excusable neglect in the context of Bankruptcy Rule 9006, rather than Bankruptcy Rule 8002(c)(2), courts have held that the *Pioneer* factors are generally applicable in both circumstances. *See Belfance v. Black River Petroleum, Inc.* (*In re Hess*), 209 B.R. 79, 82 (B.A.P. 6th Cir. 1997); *see also In re Hongjun Sun*, 323 B.R. at 564. However, courts have held that the "strictness in the standard of interpretation of 'excusable neglect' is considerably heightened in the context of Rule 8002(c)." *See In re Taylor*, 217 B.R. 465, 467 (Bankr. E.D. Pa. 1998) (citation omitted). This is because 8002(c) involves jurisdictional issues and both the successful party and the public have an interest in seeing the litigation concluded. *See, e.g., id.* at 467-68 (citation omitted); *see also In re Hongjun Sun*, 323 B.R. at 564 ("when applying the teachings of *Pioneer* to a question of enlarging the time to appeal under Fed. R. Bankr. P. 8002(c), this Court must weigh the public policy involved as well as the legitimate interests of the parties."). Practically speaking, motions for extensions to file an appeal made after the ten-day time period are rarely granted. *See In re Taylor*, 217 B.R. at 468 (citation omitted).

18.     As is appropriate in this instance, the Creditor Trust will focus on the most relevant *Pioneer* factors for the present analysis: (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith. Both factors overwhelmingly favor the Creditor Trust.

**A.  *Failure to Receive an Order Timely is Not a Sufficient Reason for Delay.***

19.     Bankruptcy Rule 9022(a) provides: "Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Consistent therewith, it is clear that while notice is often provided for the convenience of the litigants, lack of notice of the entry of the order appealed from does not affect the time to appeal. *See Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y. 1987) (citing Fed. R. Bankr. P. 9022).

20.     Accordingly, to ensure timely appeal, a party must monitor the docket for the entry of an order it wishes to appeal. *See Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.)*, 896 F.2d 1189, 1193 (9th Cir. 1990). As a party has this independent duty, "a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect. " *See In re Hess*, 209 B.R. at 82 (citation omitted); *Hirsch* v. *London S.S. Owners' Mut. Ins. Ass'n (In re Seatrain Lines)*, 184 B.R. 660, 662 (Bankr. S.D.N.Y. 1995) (rejecting party's argument that the trustee's failure to send party notice of an order constituted excusable neglect).

21.     Here, after Johnson received the Creditor Trust's Notice of Dismissal, she drafted and filed her Response to EEOC Dismissal. Accordingly, she knew that the matter was going to be heard by this Court on December 19, 2006. Two weeks later, on January 3, 2007, she contacted counsel to the Spiegel Creditor Trust to discover what had happened, allegedly having received the Disallowance Order that day. Her actions are totally insufficient under the law.

Johnson had a duty to monitor the docket and failed to do so.  Accordingly, this proffered reason for Johnson's delay does not constitute excusable neglect and her request should be denied on this basis.

**B.** ***Further Allegations Respecting Service are Groundless and Also Do Not Provide a Reason for the Johnson's Delay.***

22.     The Creditor Trust properly addressed, stamped and deposited a copy of the Disallowance Order in the mail on December 19, 2006.  *See* **Exhibit B.**  As such, it is "presumed to have been received by the party to whom it has been addressed." *See In re Macy & Co., Inc.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) (citation omitted); *see also In re Alexander's, Inc.*, 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) ("It is black letter law that once an item is properly mailed, the law presumes that it is received by the addressee.").  Moreover, an affidavit of service is sufficient evidentiary material to create this presumption. *See In re O.W. Hubbell & Sons, Inc.*, 180 B.R. 31, 34 (N.D.N.Y. 1995).

23.     It is also presumed that mail properly sent will be received within three days. *See In re JWP Info. Servs., Inc.*, 231 B.R. 209, 210 n.3 (Bankr. S.D.N.Y. 1999).  Therefore, the affidavit filed by the Creditor Trust clearly establishes the presumption that Johnson was in receipt of the Order by December 22, 2006.

24.     Here, Johnson would have the Court presume that counsel to the Spiegel Creditor Trust lied with respect to the date of mailing and thus, she seems to be arguing, this fact would rebut the presumption of mailing and provide a reason for her delay in filing an appeal.  She states as follows (quote exactly as written):

> claimant ran across a similar claim (Creditors Alfred R. Johnson and Clarence R. Morris) their claims were also expunged.  The same case argued that information was never reached in time, from the same Debtor or law office (Douglas Deutsch) handling this Bankruptcy for Spiegel Inc.

8

> Two different cases, two different states this seems like more that a
> coincident.

Motion at p.2.

25.    This offensive allegation, no matter how baseless, is taken seriously by the

Creditor Trust.  Johnson's statements rest on the necessary implication that counsel to the

Creditor Trust somehow rigged the metered stamp machine and lied about the date of mailing on

the Affidavit of Service.  These allegations would, if true (and they certainly are not), appear to

constitute serious federal crimes that could only be completed by several conspiring individuals,

yet they are asserted without any underlying supporting facts.  Even the alleged relevant

"coincidences," moreover, are built on faulty premises.  For example, Spiegel's counsel (another

law firm), not the Creditor Trust's counsel, filed and served the original objection that was

disputed with respect to the Johnson/Morris claims.  Therefore, the two scenarios are not even

logically comparable as they do not both involve the same counsel.  Additionally, even if the

Creditor Trust had filed and served both papers at issue, as over 4300 claims were filed in this

case, it hardly seems coincidental that two claimants might provide self-serving statements that

they were not served court papers in a timely fashion when it appeared to be the only way to

resurrect their claims.

26.    The court held in *In re Macy & Co.* that an affidavit asserting non-receipt is

insufficient to rebut the presumption of receipt.  161 B.R. at 360 (citing, among others, *Trump*

*Taj Mahal Assocs.* v. *Alibraham* (*In re Trump Taj Mahal Assocs.*), 156 B.R. 928, 939 (Bankr.

D.N.J. 1993) ("If a party were permitted to defeat a presumption of receipt of notice resulting

9

from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled.")).  At best, this is what this Court is faced with.[2] Johnson must do more than claim that she did not receive the Order in time to overcome the presumption of receipt.  Self-serving statements are insufficient.  As such, Johnson has again failed to demonstrate a reason for the delay and, therefore, there is no excusable neglect.

**C.  *Johnson is Not Acting in Good Faith.***

27.    The final factor for an excusable neglect analysis is to ask whether the movant acted in good faith.  Courts are willing to infer bad faith from the overall behavior of the party throughout the proceeding.  *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997).  In fact, courts have not hesitated to dismiss appeals of bankruptcy court orders where, for example, "the record demonstrates a consistent pattern of dilatoriness or multiple failures to comply with deadlines. " *See In re Telesphere Commc'ns, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999); *see also In re Spiegel Inc.*, Case No. 03-11540, 2005 Bankr. LEXIS 2812, at *5 (Bankr. S.D.N.Y. Oct. 31, 2005) (after finding that appellant's delay in filing timely appeal was not justified by excusable neglect, the court noted that "given the history of motion practice in this case, this  effort to further draw out litigation will not be countenanced …).

---

[2]    Although legally irrelevant, it appears that Johnson obtained a purported postmark from the post office dated January 3, 2007 simply by asking the post office to stamp it on that date.  The "postmarking" occurred allegedly after the delivery of the envelope when, while counsel to the Creditor Trust was on the phone with Johnson, Johnson tracked down her postal carrier on the street, told the postal carrier that she had just received an envelope and asked the postal carrier how she could verify that it was received on this date.  The postal carrier told Johnson that she should go to the post office and ask them to date stamp the document.  This last step was apparently taken after counsel hung-up from the call.  Given the way the date stamp was obtained, these facts would not be much different than Johnson signing an affidavit that attests to the date of receipt.  In any event, it clearly does not rebut the presumption of delivery.

28.    Johnson appears to be a serial litigant.  She has filed, according to the Investigative Report from the State of Illinois Department of Human Resources, at least four charges of discrimination against Spiegel and has sued Spiegel in various forums.  *See* **Exhibit C.**  All of the other charges and suits against Spiegel have been dismissed.  Moreover, this is not the first time Johnson has failed to act timely in recent post-bankruptcy filing history.  As set forth in the Supplemental Statement, the Appellate Court of the State of Illinois, First District, First Division, dismissed Johnson's petition for review for want of prosecution in March of 2005.  These facts demonstrate that Johnson is not acting in good faith.  Moreover, the wild allegations with respect to counsel to the Creditor Trust are without merit, are damaging and, *a fortiori*, are not brought in good faith.

29.    In summary, it is clear from the papers filed in this case that Johnson seeks to continually delay and hinder the disallowance of her frivolous claim.  This should not be allowed to continue.  Johnson is not acting in good faith and her request for an extension on the basis of excusable neglect should, accordingly, be denied on this basis also.

**II.    Johnson's Motion for Reconsideration Should Also be Denied**

30.    We assume that Johnson is also seeking reconsideration of the Disallowance order under Bankruptcy Rule 3008 and section 11 U.S.C. § 502(j) of the Bankruptcy Code.  Such a motion will be considered pursuant to FED. R. CIV. P. 60, which allows a party to move for relief from judgment on any of several grounds and is incorporated into the Bankruptcy Code through Bankruptcy Rule 9024.

31.    Under FED. R. CIV. P. 60(b),[3] a party may be relieved from final judgment on any

of six grounds, namely

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

32.    Johnson gives no indication of which of these 60(b) grounds form the basis of her

Motion for Reconsideration.  While she mentions "excusable neglect" to explain her failure to

timely appeal pursuant to Bankruptcy Rule 8002, she does not suggest that excusable neglect

justifies her failure to provide this Court with any evidence in support of her underlying

discrimination claim.  Moreover, as we have already argued, her excusable neglect claim would

ultimately fail under the *Pioneer* test.

33.    Alternately, Johnson may be asserting that reconsideration is appropriate because

of the alleged nefarious acts committed by counsel to the Creditor Trust with respect to the

mailing of the Disallowance Order.  Again, these claims are 100% without merit, are not backed

by any facts, and in all events are legally irrelevant.  Accordingly, this allegation is insufficient

and the request for reconsideration should also be denied on this basis.

---

[3]    Subsection (a) of Rule 60 of the Federal Rules of Civil Procedure is not applicable in this case because it addresses clerical mistakes in judgments, which is not alleged here.

## REQUEST FOR FURTHER INSTRUCTIONS TO JOHNSON

34.     Finally, as Johnson told counsel to the Spiegel Creditor Trust on January 3, 2007 that she may seek to continue prosecution of her claim against Spiegel (and the Trust) through the EEOC process, the Spiegel Creditor Trust requests that the Court make clear to Johnson that this action would violate Section 13.1 of the Debtors' Modified First Amended Joint Plan of Reorganization dated May 23, 2005 (Docket No. 3556) and paragraph 51 of the related Confirmation Order dated May 25, 2005 (Docket No. 3590) and accordingly, that absent approval of this Court, such action is prohibited.

WHEREFORE, the Creditor Trust respectfully requests that the Court deny the relief sought by Johnson in the Motion in its entirety and grant such other and further relief as the Court may deem just and appropriate.


Dated:  February 5, 2007
        New York, New York

                              CHADBOURNE & PARKE LLP

                              By:     _/s/ Douglas E. Deutsch_
                                      David M. LeMay (DL 9093)
                                      Douglas E. Deutsch (DD 7229)
                                      30 Rockefeller Plaza
                                      New York, New York 10112
                                      (212) 408-5100

                              Attorneys for the Spiegel Creditor Trust

**EXHIBIT A**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jacqueline J. Johnson<br>10305 S. Bensley<br>Chicago, IL 60617 | From: | EEOC<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2003-01343 | Nola Smith, State and Local | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
**John P. Rowe, District Director**

Enclosure(s)                                                                                      *(Date Mailed)*

cc:     **Douglas Deutsch
        Chadbourne & Parke LLP
        30 Rockefeller Plaza
        New York, New York 10112**

Complainant Name:    JACQUELINE J. JOHNSON
Charge Number:    2003CF2410
Page 2

> to my subsequent employer, the Chicago Public School
> System, at their Chicago Vocational High School
> location.   Based upon an inspection of the case file
> of my most recently filed charge against the
> Respondent, I discovered there was negative employment
> information which had been transmitted and received
> by Respondent and my subsequent employer.

3.    Respondent's adverse action followed my protected
      activity within such a period of time as to raise an
      inference of retaliatory motivation.

ACF/JJT/RCG

| CHARGE ( DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. 03W0923.16 | ☒ IDHR  ☒ EEOC | 2003CF2410 |

### Illinois Department of Human Rights and EEOC

| NAME *(indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(include area code)* |
|---|---|
| JACQUELINE J.   JOHNSON | 773-978-5646 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 10305 S BENSLEY | CHICAGO, IL 60617 | 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(IF MORE THAN ONE, LIST BELOW)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS   15+ | TELEPHONE *(include area code)* |
|---|---|---|
| SPIEGEL INC | | 630 986-8800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1575 W 22ND STREET | OAK BROOK, IL 60522 | 043 |

| NAME | | TELEPHONE *(include area code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON; RETALIATION | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA)   /   /      LATEST (ALL)   04/01/2002 ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(if additional space is needed attach extra sheet(s))*

    I.    A.    ISSUE/BASIS

    TRANSMISSION OF NEGATIVE EMPLOYMENT REFERRALS, ON OR ABOUT APRIL 1, 2002, IN RETALIATION FOR HAVING FILED PREVIOUS CHARGES OF EMPLOYMENT DISCRIMINATION.

    B.    PRIMA FACIE ALLEGATIONS

    1.    On September 27, 1989, January 15, 1992, September 28, 1993, and again on August 26, 1999, I engaged in protected activities by having filed charges numbered 1990CF0885, 1992CF1850, 1994CF0846, and 2000CF0378 against the Respondent with the Illinois Department of Human Rights.

    2.    On or about April 1, 2002, I discovered that the Respondent, through their corporate counsel, Debra Divis, had transmitted negative employment references

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY *(when necessary for State and Local Requirements)* *Alice M. Ralph*  02/13/03 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| OFFICIAL SEAL ALICE M. RALPH NOTARY PUBLIC, STATE OF ILLINOIS MY COMMISSION EXPIRES 3-13-2006 Notary Public Seal | SIGNATURE OF COMPLAINANT   DATE  *signature*   2-13-03 SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, year)* |

EEOC FORM 5 (6-00)          FEP9JJT3

Complainant Name:  JACQUELINE J. JOHNSON
Charge Number:     2003CF2418
Page 2

to my subsequent employer, the Chicago Public School System, at their Chicago Vocational High School location.   Based upon an inspection of the case file of my most recently filed charge against the Respondent, I discovered there was negative employment information which had been transmitted and received by Respondent and my subsequent employer.

3.    Respondent's adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

**EXHIBIT B**

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
David M. LeMay (DL 9093)
Douglas E. Deutsch (DD 7229)

Attorneys for the Spiegel Creditor Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                  :
**In re:**                                                        :        **Chapter 11**
                                                                  :
**SPIEGEL, INC., et al.,**                                        :        **Case No. 03 - 11540 (BRL)**
                                                                  :
                                        **Reorganized Debtors.**  :        **(Jointly Administered)**
                                                                  :
                                                                  :
                                                                  :
                                                                  :
-----------------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

David M. Bava, being duly sworn, deposes and says:

1.  I am employed as a legal assistant by the law firm of Chadbourne & Parke LLP, I am not a party to this action and that I am over the age of eighteen.

2.  On December 19, 2006, I caused to be served a true and correct copy of the *Order Granting Twenty-Fourth Omnibus Objection to Proofs Of Claim With Respect to Claim Number 4248 Filed by Jacqueline J. Johnson* upon Jacqueline J. Johnson, 10305 South Bensley, Chicago, Illinois 60617 by First Class Mail, postage prepaid thereon.

3.   I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under penalty of perjury.

_____/s/  David M. Bava_____
David M. Bava

Sworn to before me this
21st day of December 2006


_/s/ Francisco Vazquez_____
Notary Public

**Francisco Vazquez**
**Notary Public, State of New York**
**No. 31-6013920**
**Qualified in New York County**
**Commission Expires Dec. 7, 2006**

2

**EXHIBIT C**

05-06-2004  15:02   From-ILL DEPT HUMAN RIGHTS           3128146251        T-689  P 002/007  F-656

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**
**INVESTIGATION REPORT**

DHR NO.   2003CF2410                    EEOC NO.   21BA31343

COMPLAINANT                            RESPONDENT

Jacqueline J. Johnson                  Spiegel, Inc.

| | | | | |
|---|---|---|---|---|
| I. | **Issue/Basis** | | II. | **Finding** |
| | A.  Negative job referral/retaliation | | A.  Lack of substantial evidence |

III.   EGL _____ / _____ / _____

IV.   **Jurisdiction**

Alleged violation            April of 2002

Charge filed                 September 23, 2002

Perfected date               February 13, 2003

Amendments                   None

Number of employees          >15 at time of alleged harm

V.   **Uncontested Facts**

    A.   Complainant was employed by Respondent from September 20, 1987 through May 7, 1990. Complainant held the position of clerk while employed by Respondent.

    B.   Complainant has filed at least four charges of discrimination alleging various employment harms and bases against Respondent throughout the 1990s. Complainant has also sued Respondent several times in various forums. The most recent discrimination charge filed by Complainant against Respondent prior to the instant

Charge No. 2003CF2410
Page 2 of 6

       charge was filed on August 26, 1999 and the charge was dismissed
for lack of substantial evidence. Following a timely request for
review, the Department's dismissal order was sustained on June
11, 2001.

## VI.   Employment Data

Deborah Divis, Respondent's Assistant Corporate Counsel, stated that
Respondent employed more than 15 individuals prior to March 17, 2003,
when Respondent filed for bankruptcy.

## VII.   Allegation A:    Negative employment referral/retaliation

### A.   Prima facia allegations

1.   From September of 1989 through August 26, 1999,
Complainant filed at least four charges of discrimination
against Respondent with the Illinois Department of Human
Rights. The most recent charge filed prior to the instant
charge was charge number 2000CF0378, which was filed on
August 26, 1999.

2.   In or around April of 2002, Complainant learned that
Deborah Divis, Assistant Corporate Counsel for Respondent,
had given negative employment referrals to Complainant's
employer, the Chicago Public School System.

3.   The negative employment referrals followed Complainant's
filing of her charges within such a period of time as to raise
the inference of retaliatory motivation.

### B.   Defenses

1.   Respondent's position is that it did not provide employment
references to any employer Complainant sought to be
employed by.

2.   Deborah Divis, Assistant General Counsel, stated that
Respondent does not have a specific policy regarding
providing employment reference to prospective employers of
former employees. Respondent's practice in this regard,
according to Divis, is to inform employers who inquire about
Respondent's former employees to submit written release
forms, signed by the potential employee (and former

Charge No. 2003CF2410
Page 3 of 6

employee of Respondent). If Respondent received such forms from potential employers when it was in operation (Respondent filed for bankruptcy in March of 2003), Respondent would provide only the following information to the employer: dates of employment, positions held, and final rate of pay. Divis noted that she, herself, has never received any telephonic or other inquiry regarding the employment history of a former employee of Respondent, since she works in the capacity of legal counsel for Respondent rather than in a human resources capacity. The individual responsible for handling inquiries about former employees, Divis explained, was Alfreda Rogers, Senior Benefits and Compensation Specialist.

A collection of two inquiries regarding former employees of Respondent (Group Exhibit A) show that two different employers requested information about two of Respondent's former employees. Page one of the exhibit reflects that the first employer requests information including hire date, termination date, job title, eligibility for re-hire, and additional comments. The document reflects that Rogers declines to answer the inquiry regarding eligibility for re-hire and additional comments. A handwritten statement by Rogers states that "company policy prohibits answering" those inquiries.

Similarly, the second page of the exhibit from the second employer reflects that Rogers informs the employer that policy prohibits her from answering questions other than dates of employment, position, and final salary earned. Rogers again states that Respondent's policy prohibits answering questions about eligibility for re-hire.

3.   Divis emphasized that she is Respondent's assistant corporate counsel, and as such does not provide employment references to anyone. Personnel records are not maintained in Divis' office, Divis explained, and because the facility at which Complainant worked for Respondent was closed in 1995, it was unlikely that any individual working for Respondent in the year 2002 would even know of Complainant's identity. Divis explained that at no time did she have any communication at all with the employer identified by Complainant in her charge, the Chicago Public School System, or any other employer.

Charge No. 2003CF2410
Page 4 of 6

### Staff Note

Staff requested that Respondent provide the Department with release
forms signed by Complainant and copies of employer inquiries about
Complainant's history with Respondent. Divis stated that, because no
inquiries have ever been received by Respondent regarding Complainant,
Respondent had no such inquiries or signed releases in its possession.
Respondent therefore could not produce the requested documentation.

C.     Rebuttal

    1.     Complainant stated that in April of 2002, she discovered
documentation indicating that Divis had supplied her most
recent employer with negative employment information.
Specifically, Complainant stated that Divis provided the
employer with a subpoena. Complainant acknowledged that
she never signed a release form allowing an employer to
make an inquiry into Complainant's previous employment
relationship with Respondent. Complainant stated, however,
that the subpoena, while not listing anything negative about
her employment history, demonstrates that Divis did contact
her employer and that adverse employment information
could be inferred from the document.

    The document referred to by Complainant as the negative
employment reference (Exhibit B) shows that the document
is a subpoena certification. The subpoena certification,
dated November 11, 2002, reflects that Complainant's
employer certifies that it has provided all documents
requested by the subpoena. The document reflects no
indicia as to who served the subpoena on Complainant's
employer.

    2.     Complainant stated that the reason she felt that the alleged
negative employment referral was in retaliation for
Complainant's having filed previous charges was because of
the proximity in time between the filing of her most recent
charge and her subsequent discovery in April of 2002 of the
alleged negative employment reference.

D.     Surrebuttal

Divis explained that she does not issue subpoenas when
Respondent is involved in litigation, since Respondent hires an
outside law firm to do that kind of work. Further, Divis stated that
she did not have any knowledge as to who issued the subpoena or

Charge No. 2003CF2410
Page 5 of 6

the reason it was issued.  Divis noted that Complainant has been involved in a good deal of litigation, and that it was possible that the subpoena pointed to by Complainant was related to a worker's compensation lawsuit Complainant had been engaged in, or that the subpoena was issued pursuant to a lawsuit Complainant filed against Respondent in 2001.

E.   Finding and conclusion

A lack of substantial evidence finding is recommended because there is insufficient evidence to show that the defenses are untrue or pretextual, in that:

1.   Respondent has articulated that its practice regarding providing employment referrals is such that only written requests from potential employers, which are signed by the potential employee (and former employee of Respondent) will be answered.  When the inquiry is answered, the only information provided to the employer are dates of employment, positions held, and final rate of pay of the employee.

2.   Documentation shows that Respondent has followed its practice of providing only limited information to employers who request information about Respondent's former employees.

3.   It is uncontested that Complainant did not sign any release for a potential employer's inquiry to submit to Respondent, and that Complainant has never permitted her employer to seek information regarding her past employment with Respondent.

4.   The document Complainant alleges to be a negative employment reference is a certification that documentation has been submitted to another party pursuant to a subpoena, and not a negative employment reference.

5.   Complainant failed to show, and the investigation could not establish, that Respondent provided an employer or potential employer of Complainant with a negative employment reference.

6.   The date of the alleged employment harm, April of 2002, followed Complainant's previous August 29, 1999 discrimination charge more than two years after the

Charge No. 2003CF2410
Page 6 of 6

protected activity took place.  Therefore, there can be no inference that the alleged employment harm was motivated by retaliatory animus.  No nexus has been established between the alleged employment harm and Complainant's prior protected activities.

## VIII.   LIST OF WITNESSES

A.   Complainant
10305 S. Bensley
Chicago, IL 60617
(773) 978-5646          (ffc)

B.   Deborah Divis, Assistant General Counsel
Spiegel, Inc.
3500 Lacey Road
Downer's Grove, IL 60515
(630) 769-2595          (ffc)

## IX.   LIST OF EXHIBITS

A.   Employment referrals.

B.   November 11, 2001 subpoena certification.