IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In regards to SPIEGEL, INC., et al., Reorganized Debtors. | ) Chapter 11<br>) Case No. 03-11540 (BRL)<br>) (Jointly Administered)<br>)<br>) |
| JACQUELINE J. JOHNSON Claimant | ) Claim No. 4248 |

**RESPONSE OF JACQULINE JOHNSON (CLAIM 4248) TO SPIEGEL CRIDITOR TRUST'S RESPONSE TO MOTION FOR REQUEST FOR RECONSIDERATION OF ORDER GRANTING TWENTY-FORTH OMNIBUS OBJECTION TO PROOFS OF CLAIM WITH RESPECT TO CLAIM NUMBER 4248 FILED BY JACQUELINE JOHNSON**

Jacqueline Johnson in the above referenced action hereby submits this Response. The response is to The Spiegel Creditor Trust's response to claimant's Motion Request for Reconsideration of Order Granting Twenty-Fourth Omnibus Objection to Proofs of Claim with Respect to Claim Number 4248. Jacqueline Johnson filed the Motion. In support of this Response, Jacqueline Johnson states as follows:

**ANSWER TO PRELIMINARY STATEMENT**

1. Claimant was employed by Spiegel, Inc. ("Spiegel") from 1987 through 1990. Claimant has filed charges of discrimination with these agencies The Department of Human and counter filed with the Equal Opportunity Commission. Complainant does not recall how many since they were combined.

2. Claimant did not receive order disallowing her claim, for almost 3 wks (11-3-07) after, it was supposedly mailed by Creditor (12-19-06).

3. Claimant was awaiting more information, and intended on filing for reconsideration had the notice reached claimant on time.

RECEIVED
FEB 14 2007
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

4. Claimant filed charges against Creditor on September 23, 2002 for retaliation and transmitting negative employment referrals. See Exhibit

5. Claimant cannot verify Creditor's copy of the proof of claim without having the exhibit (E) that Debtor cited. Claimant is only in receipt of exhibits A-C.

6. Claimant is file a response to the Twenty-Fourth Omnibus Objection.

7. Claimant is missing Exhibits G,H, and I. The Department of Human Rights dismissal was not a final order. Debtor believes that claimant's charges were dismissed and that claimant had no chance to recover after the DHR's dismissed the charge. When the Department dismisses a charge for lack of substantial evidence as in the present case, the dismissal occurs during the investigatory or fact-finding stage. Thus, the issue before this court is whether due process attaches to the investigatory stage. This question was directly addressed by the United States Supreme Court in Hannah v. Larche (1960), 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307. Claimant has Sue Rights See Exhibit A

**FNI. The Human Rights Act superseded the Fair Employment Practices Act. The dismissing of the Department of Human Rights and Equal Opportunity Commission charges do not mean, that complainant loses her chance for recovery. the Department of Human Rights (investigatory) and The Human Rights Commission (adudicatory).**

It is well-recognized that **until a complaint is issued by the Department, the proceedings are investigatory and not adjudicatory.** This distinction has been expressly preserved by the Act as evidenced by the legislature's creation of two agencies: the Department and the HRC. **The Department is the investigatory agency, whose duties commence when a charge is filed and end when the Department files a**

**complaint with the HRC, the adjudicatory agency.** The HRC's duties commence when the complaint is filed by the Department or when a party files a Request for Review and ends when the HRC issues an order. Board of governors of State Colleges and Universities v. Illinois Human Rights Comm. (1982), 109 Ill.App.3d 946, 65 Ill.Dec. 478, 441 N.E.2d 391.) With respect to the first part of the inquiry, in Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 102 S.Ct.1148, 71 L.Ed.2d 265, The Supreme Court held that under Fair Employment Practices Act's [FNI] administrative and adjudicative procedures was a property right protected by the due process clause. Having determined that the complainant possessed a property right in the right to file a claim under the Act, the next inquiry is what process is due to complainant. Claimant has Sue Rights See Exhibit A

Debtor would have this court believe and rest on the fact that the EEOC's dismissal is final and that Claimant has no right to recover or entitled to her day in court. According to Kremer v. Chemical Construction Corp. Claimant had the right to file a claim in federal court. This was the reason claimant has requested this court to reconsider the order dismissing claimant's claim, to protect her right under Title Vll of the Act. **The Act clearly provides for review by the HRC of the Department's order and judicial review of the HRC's final order.** Moreover, if the alleged discrimination falls with in the protections of Title Vll (42 U.S.C. <section> 2000e-2), **provide the *235 complainant does not seek state judicial review; he or she may file the claim in FEDERAL COURT.** Kremer v. Chemical Construction Corp. (1982), 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262. According the EEOC claimant has a right to sue, and claimant has protected that right by filing her complaint with the FEDERAL COURT in

Chicago, Illinois. See Exhibit C. Further more Claimant rights to recover does not fall under the Debtors' Modified First Amended Joint Plain of Reorganization dated May 23, 2005, See Exhibit M, since Claimant originally filed her complaint with the EEOC and DHR's on September 23, 2002. The she has protected her right to bring Suit against Debtor. This was Claimant does not lose her right to recover because of the EEOC's dismissal. But, if Claimant fails to file her Suit with in the 90 days allowed by the EEOC, she has lost any and all rights to recover under the protected rights of Title Vll of the Act.

8. Claimant filed a response to asking for additional time while the EEOC reviewed her complaint. See Exhibit B

9. The EEOC issued a Notice of Dismissal and Right to Sue. **The Department is the investigatory agency, whose duties commence when a charge is filed and end when the Department files a complaint with the HRC, the adjudicatory agency.** Board of governors of State Colleges and Universities v. Illinois Human Rights Comm. See Exhibit A and D

10. Claimant cannot verify Debtors response to number 10 with out proof attached.

11. Claimant did not attend the hearing on December 199, 2006 and did send a response.

12. An order was entered disallowing and expunging Claimant's claim.

13. Claimant disagrees that the Order was mailed on December 19, 2006 or it was sent First Class mail. Claimant demands proof of service (Certification, Federal Express, Next Day Service, and or Delivery Conformation. Which would be proof of the

delivery date

14.    Claimant was asking for a reconsideration of the order for December 19, 2006. In order to file to the appellate court I would have to have requested reconsideration.

15.    Debtor is asking this court to believe that this notice was mail to Claimant, because of an affidavit with no signature of a clerk who works for them, who states and supposedly mailed a copy of the order by first class mail. There is no evidence on the envelope to prove it was mailed First Class. See Exhibit E. Debtor accuses Claimant of lying about receiving the order in time by mail. What make Debtor anymore believable than Claimant? Claimant has proof of when she received her copy.  See Exhibit E, F, and G.

19    In answer to Debtors no. 19.  Debtor cites Fed. R. Bankr. P. 9022 Model Local Bankruptcy Court Rules for Electronic Case Filing, Endorsed by the Judicial Conference of the United States September 2003 states as follows:  Under Rule 10-otice of Court Orders and Judgments, as cited by Debtor Fed.R.Bankr.P. 9022, immediately upon the entry of an order or judgment in an action assigned to the Electronic Filing System, the clerk will transmit to **Filing Users** in the case (Claimant is not a Filing Users), in electronic form, a Notice of Electronic Filing.  Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Bankr.P. 9022.  **The clerk must give notice to a person who has not consented to electronic service in paper form in accordance with the Federal Rules of Bankruptcy Procedure.** Claimant never received court order dismissing and expunging Claimant's claim in paper form the clerk of the United States Bankruptcy Court Southern District of New York.

See Exhibit K and J.

25. Claimant denies that she made any statement about Creditor rigging the metered stamp machine and Claimant further states, she never mentioned anything about a affidavit of service, because she never received one, (She never got an Affidavit of Service with the Order of December 19, 2006).

Foot note for Debtors response on page 10, Claimant states as follows: she admits she call Debtors attorney to ask why the claim was denied, Claimant denies having a conversation with mail personal while Debtors attorney was on the phone. Claimant demands proof thereof of any allegations in this footnote. See Exhibit F, G, and H.

28. Debtors attorney has conformed to name-calling in an effort to degrade Claimant's character. Calling Claimant a Serial Litigant is a defilation of Claimant's character. By calling Claimant this name he is comparing her a joke and using the word serial litigant as the police would use to describe Jeffery Dormer. Claimant only uses her voice to protect her rights under the law. Debtor is the responsible person, they discriminated against Debtor, and any name-calling should be directed towards them. It is the Debtors error in discriminating against Claimant and these charges are a result of that discrimination. See Exhibit I

Claimant has attached copies of her complaint with her Congressman (Jessie L. Jackson), who is in the process of investigating Claimant's request to reopen the investigation with the EEOC, of the Human Rights dismissal of Claimant's Charge. See Exhibit L. For the above reasons (under excusable negligence), and to protect Claimant's right under the Act to recover, Claimant's motion to reconsider should be granted.

Jacqueline Johnson Pro-se
10305 S. Bensley Ave

Chicago, Illinois 60617
773 374-7581

# EXHIBIT A

In reference to the charge filed 9-23-02

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Jacqueline J. Johnson**
**10305 S. Bensley**
**Chicago, IL 60617**

From: **EEOC**
**Chicago District Office**
**500 West Madison Street, Suite 2800**
**Chicago, Illinois 60661-2511**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2003-01343** | **Nola Smith, State and Local** | **(312) 886-5973** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**John P. Rowe, District Director**

NOV 8 2006
*(Date Mailed)*

Enclosure(s)

cc: **Douglas Deutsch**
**Chadbourne & Parke LLP**
**30 Rockefeller Plaza**
**New York, New York 10112**

# EXHIBIT B

September 23, 2004

To Ms Nola Smith
EEOC
500West Madison St. Suite 2800
Chicago, Illinois 60661
312 353-2713

From: Jacqueline Johnson
Complainant
EEOC Charge No. 21BA31343
10305 S. Bensley Ave.
Chicago, Illinois 60617
773 374-7581

RE: Request to let EEOC review Department of Human Rights Dismissal of the above
charge.

I want the EEOC to review the above charge.

Sincerely Yours,

Jacqueline Johnson
Charging Party

To Nola Smith
EEOC
Phone No. 312 353-2713
Fax No. 312 353-4011

From: Jacqueline Johnson
Charging Party 21 BAW31343
773 374-7581 or 773 640-1460

# EXHIBIT C

Copy

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS** Jacqueline Johnson

**(b)** County of Residence of First Listed COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Spiegel INC.

County of Residence of First Listed County 043
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 773-374-7581
10305 S. Bensley Ave Chgo Ill 60617

Attorneys (If Known) 1575 W. 22nd St. Oak Brook IL 60523

RECEIVED
FEB 06 2007
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

07CV747
JUDGE BUCKLO
MAGISTRATE JUDGE COLE

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Inj.

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 6
- ☐ 6
- ☐
- ☐
- ☐
- ☐
- ☐
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ...tes/etc.
- ...ed and ...ions
- ...odities/
- ...nge
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. This case** ☒ **is not a refiling of a previously dismissed action.**

☐ **is a refiling of case __________, previously dismissed by Judge __________**

DATE

SIGNATURE OF ATTORNEY OF RECORD

RECEIVED

FEB 0 6 2007

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

**APPEARANCE FORM FOR PRO SE LITIGANTS**
**DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney).

NAME: Jacqueline Johnson
(Please print)

STREET ADDRESS: 10305 S. Bensley Ave.

CITY/STATE/ZIP: Chgo, Ill 60617

PHONE NUMBER: 773 374-2581

CASE NUMBER: 07CV747
JUDGE BUCKLO
MAGISTRATE JUDGE COLE

[signature]
SignatureDate

# STATE OF ILLINOIS
# DEPARTMENT OF HUMAN RIGHTS
# INVESTIGATION REPORT

DHR NO. 2003CF2410 EEOC NO. 21BA31343

| COMPLAINANT | RESPONDENT |
|---|---|
| Jacqueline J. Johnson | Spiegel, Inc. |

I. **Issue/Basis**

A. Negative job referral/retaliation

II. **Finding**

A. Lack of substantial evidence

III. EGL / /

IV. **Jurisdiction**

| | |
|---|---|
| Alleged violation | April of 2002 |
| Charge filed | September 23, 2002 |
| Perfected date | February 13, 2003 |
| Amendments | None |
| Number of employees | >15 at time of alleged harm |

V. **Uncontested Facts**

A. Complainant was employed by Respondent from September 20, 1987 through May 7, 1990. Complainant held the position of clerk while employed by Respondent.

B. Complainant has filed at least four charges of discrimination alleging various employment harms and bases against Respondent throughout the 1990s. Complainant has also sued Respondent several times in various forums. The most recent discrimination charge filed by Complainant against Respondent prior to the instant

protected activity took place. Therefore, there can be no inference that the alleged employment harm was motivated by retaliatory animus. No nexus has been established between the alleged employment harm and Complainant's prior protected activities.

## VIII. LIST OF WITNESSES

A. Complainant
10305 S. Bensley
Chicago, IL 60617
(773) 978-5646 (ffc)

B. Deborah Divis, Assistant General Counsel
Spiegel, Inc.
3500 Lacey Road
Downer's Grove, IL 60515
(630) 769-2595 (ffc)

## IX. LIST OF EXHIBITS

A. Employment referrals.

B. November 11, 2001 subpoena certification.

# EXHIBIT E



CHADBOURNE
PARKE
Jacqueline J. Johnson
10305 South Bensley
Chicago, Illinois 60617
$ 00.63⁰
MAILED FROM ZIP CODE 10112
JAN 0 3 2007
No First Class
Stamp

# EXHIBIT F

2/12/07

I Alonzo Lucas Am over 18 I Stay At 10301 S. Bensley next to Ms johnson And she Stays At 10305 S Bensley, on 1/3/07 I was talking with Ms johnson outside when she Received her Mail from the Mailman One was A gray Envelope which was About 8x11.

on 1/3/07 Ms johnson Ask me to take her to the postoffice So ms johnson could talk with Someone in charge ~~She~~ So ms johnson could get her Envelope Stamped And Dated which was Stamped ~~for~~ 1/3/07. And Ms johnson gave me A copy of the envelope which will Be with this Letter

Alonzo Lucas

"OFFICIAL SEAL"
SANDRA TABOADA
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 07/06/09

Subscribed and sworn to before me

this 12 day of February 2007
at Chicago, County of Cook, State of Illinois.

Notary Public

# EXHIBIT G

John J. Buchanan Station
9308 S. Chicago Avenue
Chicago, Il 60617-9998
UNITED STATES POSTAL SERVICE

February 12, 2007

To whom this may concern,

I am writing this letter on behalf of Jacqueline Johnson, who resides at 10305 S. Bensley, Chicago, IL 60617. On January 3, 2007 she received a letter from Chadbourne & Parker LLP. She came into our Post Office requesting a date stamp to show when thismail piece was received. We did provide Ms. Johnson with a stamp on the face of this mail piece. We acknowledge that the postage was paid by the mailer.

Karen K. Eddings
Supervisor, Customer Services
60617-9998

773-221-9578

# EXHIBIT H

from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled.")). At best, this is what this Court is faced with.[2] Johnson must do more than claim that she did not receive the Order in time to overcome the presumption of receipt. Self-serving statements are insufficient. As such, Johnson has again failed to demonstrate a reason for the delay and, therefore, there is no excusable neglect.

### C. *Johnson is Not Acting in Good Faith.*

27. The final factor for an excusable neglect analysis is to ask whether the movant acted in good faith. Courts are willing to infer bad faith from the overall behavior of the party throughout the proceeding. *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). In fact, courts have not hesitated to dismiss appeals of bankruptcy court orders where, for example, "the record demonstrates a consistent pattern of dilatoriness or multiple failures to comply with deadlines." *See In re Telesphere Commc'ns, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999); *see also In re Spiegel Inc.*, Case No. 03-11540, 2005 Bankr. LEXIS 2812, at *5 (Bankr. S.D.N.Y. Oct. 31, 2005) (after finding that appellant's delay in filing timely appeal was not justified by excusable neglect, the court noted that "given the history of motion practice in this case, this effort to further draw out litigation will not be countenanced ...).

---

[2] Although legally irrelevant, it appears that Johnson obtained a purported postmark from the post office dated January 3, 2007 simply by asking the post office to stamp it on that date. The "postmarking" occurred allegedly after the delivery of the envelope when, while counsel to the Creditor Trust was on the phone with Johnson, Johnson tracked down her postal carrier on the street, told the postal carrier that she had just received an envelope and asked the postal carrier how she could verify that it was received on this date. The postal carrier told Johnson that she should go to the post office and ask them to date stamp the document. This last step was apparently taken after counsel hung-up from the call. Given the way the date stamp was obtained, these facts would not be much different than Johnson signing an affidavit that attests to the date of receipt. In any event, it clearly does not rebut the presumption of delivery.

# EXHIBIT I

28. Johnson appears to be a serial litigant. She has filed, according to the Investigative Report from the State of Illinois Department of Human Resources, at least four charges of discrimination against Spiegel and has sued Spiegel in various forums. *See* **Exhibit C.** All of the other charges and suits against Spiegel have been dismissed. Moreover, this is not the first time Johnson has failed to act timely in recent post-bankruptcy filing history. As set forth in the Supplemental Statement, the Appellate Court of the State of Illinois, First District, First Division, dismissed Johnson's petition for review for want of prosecution in March of 2005. These facts demonstrate that Johnson is not acting in good faith. Moreover, the wild allegations with respect to counsel to the Creditor Trust are without merit, are damaging and, *a fortiori*, are not brought in good faith.

29. In summary, it is clear from the papers filed in this case that Johnson seeks to continually delay and hinder the disallowance of her frivolous claim. This should not be allowed to continue. Johnson is not acting in good faith and her request for an extension on the basis of excusable neglect should, accordingly, be denied on this basis also.

## II. Johnson's Motion for Reconsideration Should Also be Denied

30. We assume that Johnson is also seeking reconsideration of the Disallowance order under Bankruptcy Rule 3008 and section 11 U.S.C. § 502(j) of the Bankruptcy Code. Such a motion will be considered pursuant to FED. R. CIV. P. 60, which allows a party to move for relief from judgment on any of several grounds and is incorporated into the Bankruptcy Code through Bankruptcy Rule 9024.

# EXHIBIT J

# Local Rule 6

**RULE 6. PROCEDURES FOR FILING DOCUMENTS**

**6.1 Scope of Electronic Filing** ( 5005-4)

**a. Electronic Filing Required**

All pleadings and documents filed with the Court must be filed electronically - except as expressly provided below in 6.1(b).
A computer terminal is available in the Customer Service area - Room 450 - of the Clerk's Office for electronic filing by Filing Users.

**b. *Pro Se* Filing**

Parties without legal representation (*pro se* debtors) are not required to file pleadings and other papers in a case electronically, but must adhere to the following requirements:

**1.** All petitions must be typewritten.
**2.** All petitions must include the telephone number of the *pro se* debtor.
**3.** All petitions, statements of affairs and schedules must:
  **A.** be filed within fourteen (14) days of their execution; or
  **B.** a properly executed amendment must be filed indicating the changes - if any - that have occurred between the date of execution and that date of filing;
**4.** An original of the petition, lists, schedules and statements under the selected chapter of the Bankruptcy Code must be filed; and
**5.** A matrix of creditors in the form prescribed by the Clerk must be filed.

**c. Creditor Filing**

Proofs of Claim, Assignments/Transfer of Claims, Withdrawals of Claim, Reaffirmation Agreements and Request for
Notice filed by a creditor or other filer shall be filed electronically if the creditor or other filer files more than 25 of those
documents within a one year period. See 6.2(b)

**6.2 Eligibility, Registration and Passwords for Electronic Filing** (5005-4), (3001-1), (9076-1), (9022-1), (9011-3), (9010-1)

P L

Procedure and the Local Rules.

**6.9 Notice of Court Orders and Judgments** ( 9022-1)

**a. Requirements for Notice and Service by Clerk**

Immediately upon the entry of an Order or Judgment in the Electronic Filing System, the Cle will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing which constitutes the notice required by Fed.R.Bankr.P. 9022.

**b. Notice and Service by Clerk for Non-Electronic Filing Users**

The Clerk must give notice to a person who has not consented to electronic service in paper form in accordance with the Federal Rules of Bankruptcy Procedure.

**c. Notices to Debtors**

**1.** The debtor's attorney is responsible for service of resulting Orders upon the debtor. Resulting Orders include the following:

**A.** Orders from hearings;
**B.** Orders related to motions and applications that were noticed for objection;
**C.** Orders allowing payment of a filing fee in installments; and
**D.** All other Orders from motions and applications that were considered by the Judge.

**2.** The Clerk shall only serve Orders to a debtor that give notice required under Fed.R.Bankr.P. 2002, which includes but is not limited to the following:

**A.** Orders setting a hearing;
**B.** Orders of dismissal and conversion;
**C.** Orders of discharge; and
**D.** Orders of confirmation.

**6.10 Technical Failures**

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court through a motion and order, except in the case of filing a Notic of Appeal or Dischargeability Complaint.

**6.11 Public Access**

**a. Electronic Access to Court Information**

Any person or organization - other than one registered as a Filing User under L.B.R. 6. 2 - may access the Electronic Filing System at the Court's Internet site at



# EXHIBIT K

# Model Local Bankruptcy Court Rules for Electronic Case Filing

**Endorsed by the Judicial Conference of the United States**

September 2003

other method, including other forms of electronic service such as fax or direct e-mail.

4. An amendment to Fed.R.Bankr.P. 9006(f) provides that the three additional days to respond to service by mail will apply to electronic service as well. The Committee Note on the parallel amendment to Fed.R.Civ.P. 6(e) states:

> Electronic transmission is not always instantaneous, and may fail for any number of reasons. It may take three days to arrange for transmission in readable form. Providing added time to respond will not discourage people from asking for consent to electronic transmission, and may encourage people to give consent. The more who consent, the quicker will come the improvements that make electronic service ever more attractive.

5. While some courts accept the Notice of Electronic Filing as a certificate of service, other courts require a separate certificate of service to be included with the filed document indicating that the document was electronically filed using the CM/ECF system and the manner, electronically through the Notice of Electronic Filing or otherwise, in which parties were served.

## Rule 10– Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in an action assigned to the Electronic Filing System, the clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Bankr.P. 9022. The clerk must give notice to a person who has not consented to electronic service in paper form in accordance with the Federal Rules of Bankruptcy Procedure.

**Derivation**

The Model Rule is adapted from the Eastern District of New York procedures.

**Commentary**

1. Amendments to Fed.R.Bankr.P 9022 authorize electronic notice of court orders where the parties consent. The Model Rule provides that for all Filing Users in the electronic filing system, electronic notice of the entry of an order or judgment has the same force and effect as traditional notice. The CM/ECF system automatically generates and sends a Notice of Electronic Filing upon entry of the order or judgment. The Notice contains a hyperlink to the document.

# EXHIBIT L

To: Congressman Mr. Jessie L. Jackson Jr.
In care of: Mr. Jeffery Mingle
17926 S. Halsted Street
Homewood, Illinois 60436
Phone No. (708) 798-6000
Fax No. (708) 798-6160

From: Jacqueline Johnson
10305 S. Bensley Ave.
Chicago, Illinois 60617
Phone and Fax No. (773) 374-7581
Cell No. (773) 726-0884


Dear Mr. Mingle:

I'm writing to you in regards to our conversation on or around December 2006; at that time we talked about the problems I was having with my complaint at the EEOC. I would like to take this time to bring you up to date as to what led me to contact you. These are the facts set forth in this complaint:

1. I originally filed a complaint against Spiegel's Inc. and the Chicago Board of Education with The Department of Human Rights for cohesion.
2. I dropped the state potion for the Board of Education with DHR's and asked the EEOC to investigate it.
3. Sufficient evidence was found against the Board of Education.
4. On or about December of 2006 I call to the EEOC to speak with Nola Smith, in response to a conversation we had in November of 2006 regarding my Spiegel complaint. She told me, she had reviewed my Spiegel charge from the year prior to find out why I never received a right to sue on that. Since it had been dismissed from the Department of Human Rights for insufficient evidence and my charge filed against Board of Education charge under cohesion. I asked how one Respondent (Board of Education) could be guilty and the other not (Spiegel Inc.). She agreed to review my complaint with Spiegel. She did and said; she saw no mistakes in the investigation done by DHR's. I asked Ms. Smith while she was reviewing my files, did she read any statements from my witnesses? She told me she saw no witnesses for me only the Respondent. She told me to review my files to make sure everything was there and nothing was missing from it, and if there were she would reconsider reviewing it again. She also told me in that conversation, that she was issuing me a right to sue letter. I asked her to hold off on sending the right to sue until, I told her attorney for Spiegel said I couldn't file if I received a right to sue. She said still had a right to file suit and not to worry about what he said. She said she was sending it any way and that I had 90 day to file or my right would be lost. After reviewing my file, low and behold some things were missing, like the names I had given to the investigator as witness (Ms XXXX and Mr. XXXX) also an exhibit section was missing. I tried contacting

Ms. Smith for about a week, to let her know what I had found, but to no avail. Finally, I went into the office (EEOC). Ms. Smith was not there, so I spoke with here supervisor (name unknown) and gave her the latest info on my files. Last week Friday January 19, 2006, I called to talk to lady, who's name I don't recall in hopes, that she left some note as to our conversation in May of 2006, and to let her know, I was still waiting to have my problem cleared up.

5. On today, I called Nola Smith a finally got a chance to talk to her. She had received the info from her supervisor. I asked her to retract the right to sue and open my complaint for reinvestigation on the merits and the fact that my witnesses were never contacted by the DHR's, and that this was a failure to properly investigate my complaint under the law of employment discrimination.

I asking my Congressman to investigate and correct my issue with the above agencies, in order to protect my Civil Rights as an America and Human Being. The Department of Human Rights failed to properly investigate my complaint by contacting my witnesses. By not contacting my witnesses and contacting the Respondent witnesses they are accused of being bias, and interfering with my right for recovery. My case was closed without hearing merits of my complaint. Also information was not safely secured, items were missing from my file. Please reply.


Sincerely Yours,

Jacqueline Johnson
Constituent



AT&T Yahoo! Mail
Search:
Web Search
at&t YAHOO! MAIL
Welcome,
[Sign Out, My Account]
Mail Home
Tutorials
Help
Mail
Addresses
Calendar
Notepad
Mail For Mobile
- Mail Upgrades
- Options
Check Mail
Compose
Search Mail
Folders [Add - Edit]
Inbox (38)
Draft
Sent
Bulk (347)
[Empty]
Trash [Empty]
My Folders [Hide]
CDL
Search Shortcuts
My Photos
My Attachments
Previous | Next | Back to Messages
Delete
Reply
Forward
Spam
Move...
Printable View
From: "Mingo, Jeffery" <Jeffery.Mingo@mail.house.gov> Add to Address Book Add Mobile Alert
To: "'johnson[redacted]et'" <johnson[redacted]et>
Subject: Copy of Inquiry 1/27/7
Date: Mon, 12 Feb 2007 17:35:38 -0500

January 27, 2007

Ms. Eileen Sotak
**VIA TELEFAX: (312) 353-4041**
Congressional Liaison
U.S. Equal Employment
Opportunity Commission (EEOC)
500 West Madison Avenue, Suite 2800
Chicago, Illinois 60661

Dear Ms. Sotak:

I write on behalf of my constituent, Mrs.

Jacqueline Johnson, of 10305 South Bensley Avenue, Chicago, Illinois, 60617. Her charge number is 21BA31343.

Mrs. Johnson maintains that the EEOC did not thoroughly investigate her claim and that the Department of Justice may have acted unethically against her. I kindly ask that you read her allegations and reply to each of them.

I respectfully ask that you provide full and fair consideration to Mrs. Johnson's request consistent with applicable law and regulations. In addition, please respond to my Special Assistant, Mr. Jeffery Mingo, at 17926 South Halsted Street, Homewood, Illinois, 60430.

I thank you in advance for your attention to this matter. I look forward to receiving your reply.

Sincerely,

<<...OLE_Obj...>>

Jesse L. Jackson, Jr.
Member of Congress

JLJJr.:JM:jm

Enclosure

cc: Mr. William Moschella, Department of Justice

EX K

Delete Reply Forward Spam

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In regards to SPIEGEL, INC., et al.,<br>Reorganized Debtors. | ) Chapter 11<br>) Case No. 03-11540 (BRL)<br>) (Jointly Administered)<br>)<br>) |
| JACQUELINE J. JOHNSON<br>Claimant | ) Claim No. 4248 |

PROOF OF SERVICE

I Jacqueline J. Johnson, being first duly sworn on oath, state that I have served a copy of the attached response to the Spiegel Creditor Trust a copy of RESPONSE OF JACQULINE JOHNSON (CLAIM 4248) TO SPIEGEL CRIDITOR TRUST'S RESPONSE TO MOTION FOR REQUEST FOR RECONSIDERATION OF ORDER GRANTING TWENTY-FORTH OMNIBUS OBJECTION TO PROOFS OF CLAIM WITH RESPECT TO CLAIM NUMBER 4248 FILED BY JACQUELINE JOHNSON upon each person named below by depositing next day mail, fax and 1st class mail depositing the same this 12th day of February 2007 at post office located at 95th and Sough Chicago, in Chicago, Illinois 60617 and from Fax no. 773 374-7581 to 212 541-5369 Attention Douglas E. Deutsch at CHADBOURNE & PARKE LLP

(X) RIST CLASS MAIL

CHADBOURNE & PARKE LLP
Attention: Douglas E. Deutsch
30 Rockefeller Plaza New, York,
New, York 10112

(x) FAX NO.

CHADBOURNE & PARKE LLP
212 541-5369 Attention Douglas
E. Deutsch

(X) NEXT DAY MAIL

CHAMBERS AND CLERKS OFFICE OF JUDGE BURON R. LIFLAND

1 Bowlinggreen
New York, New York 10004

Jacqueline Johnson

