**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

In re                                                                     Chapter 11
                                                                          Case No. 03-11540 (brl)

SPIEGEL, INC..,

                              Reorganized Debtor.
---------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

     Before the Court is Jacqueline Johnson's motion for reconsideration of this Court's order

granting the twenty-fourth omnibus objection to proofs of claim with respect to claim number

4248 (the "Motion"); the response of the Spiegel Creditor Trust to the Motion (the "Trust's

Response"); and the Response of Jacqueline Johnson to the Trust's Response.

**Background**

     On or about February 13, 2003, Ms. Johnson filed a "Charge of Discrimination" (the

"Complaint") with the Illinois Department of Human Rights and the United States Equal

Employment Opportunity Commission (the "EEOC")  against Spiegel, Inc. ("Spiegel") asserting

that Spiegel provided negative employment information on Johnson.  Ms. Johnson was

employed by Spiegel as a clerk from September 1987 through May 1990.[1]  On March 17, 2003,

---

[1]The State of Illinois Department of Human Rights' Investigation Report states that:

[Johnson] filed at least four charges of discrimination alleging various employment
harms against [Spiegel] throughout the 1990s. [Johnson] also sued [Spiegel] several
times in various forums.  The most recent discrimination charge filed by [Johnson]
against [Spiegel] prior to the instant charge was filed on August 26, 1999, and the charge
was dismissed for lack of substantial evidence.  *See* Report at ¶ V.B (Docket No. 4646,
Exhibit C).

1

Spiegel and certain of its subsidiaries (together with Spiegel, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Following an investigation by the State of Illinois Department of Human Resources, on March 16, 2004, the Department dismissed the Complaint for lack of substantial evidence.  On July 28, 2004  an order was entered sustaining the dismissal of the Complaint. On or about September 1, 2004, Ms. Johnson filed a Motion for Extension of Time to File Petition for Review (the "Motion to Extend") in the Appellate Court, State of Illinois, First District, Fifth Division (the "Appellate Court") seeking an additional 30 days to allow Johnson to Appeal from the Human Rights Commission's dismissal of her Complaint.  On September 10, 2004, the Motion to Extend was granted and Johnson was given an additional thirty (30) days to file the petition for review.

On October 15, 2004, Johnson filed proof of claim number 4248 against Spiegel in the amount of $100,000 (the "Johnson Claim") asserting damages pursuant to a  "Complaint and or Law Suit filed against [Spiegel] for reason of discrimination[.]"   On December 9, 2004, the Debtors filed their Twenty-Fourth Omnibus Objection to Proofs of Claim (No Amount Due and Owing, Amount of Claim Incorrect, Claims Field Against Incorrect Debtor, Misclassified Claims and Amended or Superseded Claims) (the "Twenty-Fourth Omnibus Objection"), which, among other things, objected to the Johnson Claim on the grounds that pursuant to the Debtors' books and records no amount was due and owing to Johnson.  (Docket No. 2431).

On January 4, 2005, Johnson filed an Objection to Notice of Presentment of Order Granting the Debtors' Twenty-Fourth Omnibus Objection to Proofs of Claim (No Amount Due

and Owing, Amount of Claim Incorrect, Claims Field Against Incorrect Debtor, Misclassified

Claims and Amended or Superseded Claims) (Docket No. 2593).

On March 2, 2005, the Appellate Court entered an order on the Court's own motion

which found that Johnson had failed to file a brief within the allotted time period and dismissed

Johnson's Appeal from the Human Rights Commission for want of prosecution (the "March 2nd

Order"). On March 23, 2005, Johnson filed a Motion to Vacate Dismissal and File Appellant's

Brief (the "Motion to Vacate") requesting that the March 2nd Order be vacated. On April 12,

2005, the Appellate Court entered an order denying the Motion to Vacate.  On May 23, 2005, the

Debtors filed their Modified First Amended Plan of Reorganization of Affiliated Debtors

Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan").  Pursuant to the terms of the Plan,

certain claim disputes (the "Claim Disputes") were to be transferred to the Spiegel Creditor

Trust.

On May 25, the Court entered an order confirming the Plan.  On June 21, 2005, pursuant to its

terms, the Plan became effective. Soon after, transfers contemplated by the Plan -- including

transfers of the Claim Disputes to the Creditor Trust -- were effectuated. The Claim Disputes

transferred to the Creditor Trust on the Effective Date include the Johnson Claim.

On February 2, 2006, the Spiegel Creditor Trust filed the Supplemental Statement

requesting the Court disallow the Johnson Claim because the underlying Complaint had been

dismissed by the State of Illinois Department of Human Resources. On February 7, 2006,

Johnson filed a response to the Supplemental Statement (Docket No. 4360) indicating, among

other things, that the EEOC was still reviewing her Complaint.  Accordingly, the Creditor Trust

delayed prosecution of its objection to the Johnson Claim at that time.  On November 8, 2006,

the EEOC issued a "Dismissal and Notice of Rights" indicating that "the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." *See* (Docket No. 4646, Exhibit A ).

On November 28, 2006, the Creditor Trust filed its Notice of Dismissal of the U.S. Equal Employment Opportunity Commission Action Filed by Jacqueline J. Johnson and Notice of Creditors Trust's Intention to Prosecute Pending Objection to Johnson (Claim No. 4248) (the "Notice of Dismissal") (Docket No. 4588). In that Notice of Dismissal, the Creditor Trust indicated that it would prosecute its objection to the Johnson Claim on December 19, 2006, the next scheduled omnibus hearing in this bankruptcy case.

Johnson filed a response with respect to the pending objection and the Notice of Dismissal. *See* Response to the Spiegel Creditor Trust Notice of Dismissal of U.S. Equal Employment  Opportunity Commission Action Filed by Jacqueline J. Johnson and Notice of Spiegel Creditor Trust's Intention to Prosecute Pending Objection to Johnson (Claim No 4248) (Docket No. 4610) but did not attend the hearing on December 19, 2006.

The Notice of Dismissal entered by the EEOC adopted the findings of the State investigation which concluded that there was no evidence to support Ms. Johnson's charges of discrimination. Accordingly, on December 19, 2006, this Court entered the Order disallowing and expunging the Johnson Claim in its entirety. *See* Order Granting Twenty-Fourth Omnibus Objection to Proofs of Claim with Respect to Claim Number 4248 Filed by Jacqueline J. Johnson (Docket No. 4606) (the "Disallowance Order"). On December 19, 2006, a copy of the Disallowance Order was placed in the mail to Johnson. *See* Exhibit B (Docket No. 4614).

Ms. Johnson contends that she received a copy of the Disallowance Order on January 3,

2007, two and a half weeks after it was allegedly mailed.  She moved for reconsideration of the Order by Motion dated January 6, 2007.  The Motion also appears to seek to extend the time to file an appeal referring to Bankruptcy Rules 8001 and 8002.

**Discussion**

A party's ability to seek relief from a court order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is in many ways the functional equivalent of a party's rights under section 502(j) of the Bankruptcy Code. *See EDP Medical Computer Systems, Inc. v. U.S.* 2007 WL 706925, *3 (2nd Cir. March 9, 2007).  Rule 60(b) provides a procedure for asking a court to relieve parties from the operation of judgments that, *inter alia,* are undermined by newly available evidence, have been previously satisfied, or result from mistake, fraud, or misconduct. *See* Fed.R.Civ.P. 60(b); *Cody, Inc. v. Town of Woodbury* 179 F.3d 52, 56 (2d Cir. 1999).  A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.  *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001).  Rule 60(b) should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.  *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). The burden is on the moving party to demonstrate the basis for relief.  *In re Crozier Bros., Inc,* 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).  In addition, the moving party may not advance new facts, issues or arguments not previously presented to the court.  *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998).  Having failed once to make out a prima facie case however, a party "may not relitigate old matters or present its case under a different theory and get yet another bite at the apple." *In re Crozier Bros., Inc.*, 60 B.R. at 689.

Ms. Johnson's motion to reconsider fails to demonstrate any manifest errors or

injustice, newly discovered evidence or change in controlling law and as explained below, excusable neglect, and thus, states no grounds for the relief under Rule 60(b).   To the extent Ms. Johnson's motion can be read to request an extension of time to appeal based on excusable neglect, that request appears to be grounded on the assertion that she did not receive a copy of the Order for two weeks.

Rule 8001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that an appeal of any judgment, order or decree of the bankruptcy court "be taken by filing a notice of appeal with the clerk *within the time allowed* by Rule 8002." Fed. R. Bankr. P. 8001(a) (emphasis added).  Generally, Rule 8002 requires that a party file a notice of appeal within ten days of the "date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr.P. 8002(a);  *In re The Bennett Funding Group, Inc*. 439 F.3d 155, 159 -160 (2d Cir. 2006). A request for an extension of time to file a notice of appeal should be made by written motion within the original 10 day filing period. *Id.* 8002(c).  If the time for filing a notice of appeal has expired, a court may consider a motion to extend the time to file if the motion is made, "before the time for filing a notice of appeal has expired," except that if a motion is filed within 20 days after the time to file a notice of appeal has expired, the motion to extend time to file may be granted upon a showing of excusable neglect.  FED. R. BANKR. P. 8002(c)(2).  The burden of proving excusable neglect lies with claimant filing late.  *Midland Cogeneration Venture Limited Partnership v. Enron Corp*. (*In re Enron Corp*.), 419 F.3d 115, 121 (2d Cir. 2005). [2]  The Second Circuit takes a "hard line" relating to excusable neglect. *Silivanch v.*

---

[2]The United States Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates L.P.*, 507 U.S. 380 (1993) set forth a four factor test for determining whether excusable neglect has been established.  The factors include (i) the length of the delay; (ii) the

*Celebrity Cruises*, 333 F.3d 355 (2d Cir. 2003).

Bankruptcy Rule 9022(a) provides: "Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."[3] Consistent therewith, it is clear that while notice is often provided for the convenience of the litigants, lack of notice of the entry of the order appealed from does not affect the time to appeal. *See Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y. 1987) (citing Fed. R. Bankr. P. 9022); *see also Hirsch* v. *London S.S. Owners' Mut. Ins. Ass'n (In re Seatrain Lines)*, 184 B.R. 660, 662 (Bankr. S.D.N.Y. 1995). Accordingly, to ensure timely appeal, a party must monitor the docket for the entry of an order it wishes to appeal. *See Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.)*, 896 F.2d 1189, 1193 (9th Cir. 1990). As a party has this independent duty, "a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect." *See In re Hess*, 209 B.R. at 82 (citation omitted); *In re Seatrain Lines, Inc*., 184 B.R. at 662 (rejecting party's argument that the trustee's failure to send party notice of an order constituted excusable

---

danger of prejudice; (iii) the movant's good faith; and (iv) the reason for the late filing, including a consideration of whether the circumstances were beyond the control of the late filer. *Id*. at 395

[3]The Advisory Committee Note to Rule 9022 states that "subdivision A of this rule is an adaptation of Rule 77(d) of the Federal Rules of Civil Procedure." The Advisory Committee on the Federal Rules states that "notification by the clerk of the entry of judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notice in itself has no effect upon the time for appeal ... It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment.... "Notes of advisory Committee on Rules - 1946 Amendments. "This rationale applies with equal force to Bankruptcy Rule 9022(a)." *See In re Hilliard*, 36 B.R. 80, 82 (S.D.N.Y. 1984).

neglect).  Ms. Johnson offers no other reason for her failure to file a timely appeal.

**Conclusion**

Accordingly, for the reasons set forth above the Motion for Reconsideration or alternatively, an extension of time to file an appeal is hereby  DENIED.

IT IS SO ORDERED.

Dated:  New York, New York
April 4, 2007

/s/ Burton R. Lifland_____

UNITED STATES BANKRUPTCY JUDGE