UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacqueline Johnson )<br>Claimant, plaintiff ) | Case No. 07-CV-03947-RJH |
| ) | |
| v. ) | Case No. 03-11540 (BRL) |
| ) | |
| SPIEGEL, INC.., ) | |
| ) | |
| Creditor, defendant ) | |

RESPONSE TO SPEIGEL CREDITOR TRUST'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS PENDING JOHNSON APPEAL

    I Jacqueline Johnson am the Creditor in the above case this response to the Debtors motion to dismiss is in according to Rule 9006.

    I, Jacqueline Johnson object to the following Exhibit B. Mr. Francisco Vazquez's validation of this sworn statement from David M. Bava on December 21, 2006, for which his commission expired on December 7, 2006 14 days prior to notorizing an Affidavit of Service that was filed in Bankruptcy Court. The affidavit also states in paragraph 2 that:

    He (David M. Baza) "is legal assistant at Chadbourne & Parke LLP, and that "On December 19, 2006, I caused to be served a true and correct copy of the Order Granting Twenty0Fourth Omnibus Objection to proofs of Claim with Respect to Claim number 4248 Filed by Jacqueline J. Johnson upon Jacqueline J. Johnson 10305 S. Bensley Ave Chicago, Illinois by First class mail, postage prepaid thereon." This was two day prior to Mr. Vazquez's validation of Bava's sworn statement, that he mailed a copy on 12-19-06 the day of the hearing. If he mailed it on the 21st of December 2006, why does it state in the body of the letter that he mailed it on the 19th day of December 2006? It's because it was never mailed to Johnson. Another thing there is no Docket no for this (Debtor's) exhibit B.

    On the day of December 19, 2006 Debtor's attorney should have sent a copy of the order for that day to the attorney of record or Creditor Jacqueline Johnson.

Under Perjury: If you knowingly act as a notary public after your term has expired One is guilty of perjury if he has stated or given testimony on a material matter, under oath or by affirmation, as to the truth thereof, when he knew the statement or testimony to be false and willfully made.



Interest as a disqualification. A notary public should not take an acknowledgment to a legal instrument to which the notary is a party in interest. (*Armstrong* v. *Combs*, 15 App. Div. 246.) Mr. Vazquez is an Bankruptcy attorney, who works for the law firm of CHADBOURNE & PARKE LLP 30 Rockefeller Plaza in New York this notary-attorney is a party in interest.

Authentication (Notarial)
A certificate subjoined by a county clerk to any certificate of proof or acknowledgment or oath signed by a notary; this county clerk's certificate authenticates or verifies the a notary public must sign the name under which he was appointed and no other. In addition to his signature and venue, the notary public shall print, typewrite or stamp beneath his signature in black ink, his name, the words "Notary Public State of New York," the name of the county in which he is qualified, and the date upon which his commission expires (§137, Executive Law). Authority of the notary public to act as such. (See §133, Executive Law.) Mr. Vazquez at the time of taking the sworn statement of affidavit of service from David m. Bava ( head clerk at the law firm of CHADBOURNE & PARKE LLP 30 Rockefeller Plaza in New York) on (12-21-07) was not legally authorized to do so, because of his expired (12-7-07) commission. This notarized Affidavit of Service is Void. I, Jacqueline Johnson would like to use it as an example of the lies and deceit she has had to put up with this past year.

Taking an Acknowledgment
The act of the person named in an instrument telling the notary public that he is the person named in the instrument and acknowledging that he executed such instrument; also includes the act of the notary public in obtaining satisfactory evidence of the identity of the person whose acknowledgment is taken.
The notary public "certifies to the taking of the acknowledgment" when the notary signs his official signature to the form setting forth the fact of the taking of the acknowledgment.

According to Also, if a person wanted to challenge the legitimacy of your notarial certificate (signature & stamp), such will be held as <u>circumstantial</u> evidence, provided such person could prove otherwise.

    I, Jacquleine Johnson am challenging the legitimacy of vazquaz's notarial certificate

    Ineligibility of notary, because Expiration of his/her term, commission or appointment; notary public acting after commission expires: No notary public shall do or perform any act as a notary public knowing that his term in office has expired. Ohio Revised code, Sec. 147. 10

    Rule 8011. Motions

    (a) Content of motions; response; reply.



(b) Appeal by leave; how taken.

An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008, Creditor Jacqueline Johnson filed as a pauper and is awaiting the records on appeal. Everything on appeal has been timely filed.

(b) Effect of motion on time for appeal.

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) to alter or amend the judgment under Rule 9023;

(3) for a new trial under Rule 9023; or

Rule 8006. Record and Issues on Appeal

If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record. Johnson filed paupers petition and await the record on appeals.

## ARGUMENT

It was not Johnson's intention to let her response to Debtor Spiegel Creditor Trust's Intention to Prosecute Pending Objection to Johnson (Claim No. 4248) (Bankruptcy Docket No. 4610) substitute her presents or response at trial.

The last order from the Bankruptcy Judge should overrule the original order denying reconsideration, and if not the affidavit of service from David M. Bava is void (because he failed to show proof of the date of service on Appellant.

<u>In response to letter I. of Spiegels Inc. Dismissal on Grounds that District Court Has No Jurisdiction, and Dismiss On Grounds That Appeal Deadline Ignored Creditor Jacqueline Johnson states:</u>



In respect to Jurisdiction: Rule 8001. Manner of Taking Appeal; Voluntary Dismissal (a) Appeal as of right; how taken. An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

In respect to <u>Deadline Being Ignored Johnson states:</u>

> She appealed the order disposing of her claim after the order denying her reconsideration. The re-reconsideration was for new evidence. Even if the Debtors state the appeal from the first motion for reconsideration dated (April 4, 2007) was late, (in which it was excusable) the final order dated May 17, 2007denying the motion for re-reconsideration under newly discovered evidence, the first time before the Bankruptcy Judge should have been appealable. Judge Lifland states: "Mrs. Johnson's motion to reconsider fails to demonstrate any manifest errors or and injustice, <u>newly discovered evidence</u> or change in controlling law and as explained below…." For this reason the motion for re-reconsideration should have been allowed and supercede the first motion.

> According to Rule 8002. : Time for Filing Notice of Appeal. <u>A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof.</u> If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

> Johnson has two appeals one from the judgment and one from the last motion requesting to enter new evidence. A notice of appeal filed after an order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. The notice of appeal was filed before the entry of the last order.

> SUPREME COURT Justice O'Connor respectfully dissent in PIONEER INVESTMENT SERVICES COMPANY, PETITIONER *v.* BRUNSWICK ASSOCIATES LIMITED PARTNERSHIP et al. No. 91-1695 (March 24, 1993)



Justice O'Connor states: The Court does recognize one guidepost. It states that the requirement of "excusable neglect" should be construed so as to "deter creditors or other parties from freely ignoring court ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1)." *Ante*, at 14-15. According to Spiegel's Attorney Page 7 last paragraph of Spiegel creditor trust's memorandum of law in support of motion to dismiss pending Johnson appeal: Here Johnson has gone to great lengths to try to file an appeal of an order. If this statement is considered to be truth, Johnson is not freely ignoring court order deadlines, and she has worked diligently on every aspect of this case.

Judge Lifland states in his judgment: Ms. Johnson's motion to reconsider fails to demonstrate any manifest errors or injustice, newly discover evidence or change in controlling law and as explained below excusable neglect, and thus, states no grounds for the relief under Rule 60(b). In Johnson's request for re-reconsideration under new evidence is denied again by Judge Lifland. Johnson was not aware a decision had been made. Johnson was not aware the case was being tried, had she known the case was being tried she could have requested a copy of the decision. Johnson assumed everything was being disputed by motion. Johnson was not aware of what Creditor Trust meant by <u>INTENTION TO PROSECUTE PENDING OBJECTION</u> as mentioned in notice of Spiegel creditor trust's intention to prosecute pending objection to Johnson (Claim No. 4248) (Bankruptcy Docket No. 4610), so she filed a response to there motion. <u>She was not aware she had to be present for court in New York.</u> The attorney for Spiegel refused to talk to her.

> Congress *has* provided "guideposts" as to how courts should determine whether "neglect will be considered 'excusable.'" The majority simply fails to follow them. First is the remaining language of Rule 9006(b)(1) itself, a good portion of which the majority fails to consult. The Rule, read in its entirety, establishes that the excusable neglect determination requires inquiry into causation rather than consequences: Unless "the *failure* to act was *the result*" of the excusable neglect, relief is unavailable. "It is clear from this language that the focus of [the Rule] is on the movant's actions and the reasons for those actions, not on the effect that an extension might have on the other parties' positions." *In re South Atlantic Financial Corp.*, 767 F. 2d, at 819. Moreover, Rule 9006(b)(1) indicates that the court must determine whether the neglect was "excusable" as of the moment it occurred rather than in light of facts known when untimely action is proposed. The Rule authorizes relief in cases where the failure "*was*" the result of excusable neglect, not as to incidents where the neglect *is* excusable in light of current knowledge.



The majority also overlooks a second and dispositive guidepost--the accepted dictionary definition of "excusable neglect." That definition does not incorporate the results or consequences of a failure to take appropriate and timely action; to the contrary, it turns on the cause or reasons for the failure and the culpability involved. According to Black's Law Dictionary 566 (6th ed. 1990), "excusable neglect" is:

"[A] Failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party. As used in rule (e. g. Fed. R. Civil P. 6(b)) authorizing court to permit an act to be done after expiration of the time within which under the rules such act was required to be done, where failure to act was the result of 'excusable neglect', quoted phrase is ordinarily understood to be the act of a reasonably prudent person under the same circumstances."

Cf. 4A C. Wright & A. Miller, Federal Practice and Procedure §1165, pp. 480, 482 (2d ed. 1987) ("Excusable neglect [in Fed. Rule Civ. Proc. 6(b)] seems to require a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance . . . . Absent a showing along these lines, relief will be denied"). Of course, we are not bound to accept Black's Law Dictionary as the authoritative expositor of American law. But if Congress had intended to depart from the accepted meaning of excusable neglect--supplementing its exclusive focus on the *reason* for the error with an emphasis on its *effect*--surely it would have so indicated.

## AMMENDED BACKGROUND FACTS TO INCLUDE A COPY OF THE LAST MOTION SENT TO JUDGE LIFLAND FOR RE-RECONSIDERATION OF NEW EVIDENCE

This motion was excluded from Debtor's Background of Facts.

A copy is attached as evidence and an order is also attached.

_Jacqueline Johnson_   7-7-07
Jacqueline Johnson

10305 S. Bensley Chicago, Illinois 60617   (773) 726-0884



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re                                                                                          Chapter 11
                                                                                                    Case No. 03-11540 (brl)
SPIEGEL, INC.

                                    Reorganized Debtor.

ORDER DENYING MOTION TO BE RECONSIDERED IN LIGHT
OF THIS NEW EVIDENCE WITH RESPECT TO CLAIM
NUMBER 4248 [SIC] FILED BY JACQUELINE JOHNSON

In consideration of Jacqueline Johnson's third motion for reconsideration of this Court's order granting the twenty-fourth omnibus objection to proofs of claim with respect to claim number 4248 (the "Motion");

WHEREAS this Court finds no basis for reconsideration and for the reasons set forth in this Court's Memorandum Decision and Order, dated April 4, 2007, Denying the Motion to Reconsider, the motion is hereby DENIED.

IT IS SO ORDERED.

Dated: New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

EX. A
of
creditors

Ex. B
of
Debtor

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
David M. LeMay (DL 9093)
Douglas E. Deutsch (DD 7229)

Attorneys for the Spiegel Creditor Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
In re:                                        :   **Chapter 11**
                                              :
SPIEGEL, INC., et al.,                        :   **Case No. 03 - 11540 (BRL)**
                                              :
                          **Reorganized Debtors.**   :   (Jointly Administered)
                                              :
---------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

David M. Bava, being duly sworn, deposes and says:

1. I am employed as a legal assistant by the law firm of Chadbourne & Parke LLP, I am not a party to this action and that I am over the age of eighteen.

2. On December 19, 2006, I caused to be served a true and correct copy of the *Order Granting Twenty-Fourth Omnibus Objection to Proofs Of Claim With Respect to Claim Number 4248 Filed by Jacqueline J. Johnson* upon Jacqueline J. Johnson, 10305 South Bensley, Chicago, Illinois 60617 by First Class Mail, postage prepaid thereon.

NY3 - 429445.01

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under penalty of perjury.

/s/ David M. Bava
David M. Bava

Sworn to before me this
21st day of December 2006

/s/ Francisco Vazquez
Notary Public

Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires Dec. 7, 2006

2

NY3 - 429445.01