USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 3/31/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re SPIEGEL, INC., et al.,

Reorganized Debtors

Civil Case 07 Civ. 3947 (RJH)

Bankruptcy Case 03-11540

**MEMORANDUM OPINION AND ORDER**

Jacqueline J. Johnson brings this appeal from an Order of the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) dated April 4, 2007. The order from which Johnson appeals denied her motion for reconsideration of an earlier order, dated December 19, 2006, disallowing her proof of claim against the Spiegel Creditor Trust (the "Creditor Trust"). The Creditor Trust now moves this Court to dismiss Johnson's appeal as an untimely appeal of the order disallowing Johnson's proof of claim. In the alternative, the Trust asks this Court to dismiss Johnson's appeal for failure to timely file an appellate brief. For the reasons that follow, the Court grants the Creditor Trust's motion to dismiss Johnson's appeal to the extent she seeks to appeal the December 19, 2007 disallowance order. To the extent that Johnson appeals the April 4, 2007 Order, the Court affirms the decision of the bankruptcy court.

## BACKGROUND

By Order dated and entered December 19, 2006 (the "Disallowance Order") the Bankruptcy Court disallowed petitioner's proof of claim against the Creditor Trust. On

January 10, 2007, Johnson filed a motion for reconsideration of the Disallowance Order. The Bankruptcy Court interpreted Johnson's motion as one seeking relief from the Disallowance Order under Fed. R. Civ. P. 60(b) or, in the alternative, seeking an extension of time to file a notice of appeal from the order. By Order dated April 4, 2007 (the "Reconsideration/Extension Order"), the bankruptcy court denied Johnson's motion.

On April 16, 2007, Johnson filed a timely notice of appeal of the Reconsideration/Extension Order.[1] She also filed two additional motions for reconsideration in the bankruptcy court. On April 12, 2007, Johnson filed a "Motion to Reconsider and Allow Corrections to Clearify [sic] Misunderstanding . . . " in which she wrote that the "court-misunderstood [sic] claimant's motion, by considering it request [sic] to seek to extend the time to file an appeal" and that "[c]laimant was not presenting a notice to file an appeal." (Johnson's 2d Mot. to Reconsider 1.) However, Johnson also wrote that her first motion to reconsider "seemed clear to Claimant, that she was seeking a reconsideration of the expungement, while requesting a right to preserve her appeal." (*Id.* 2.) By Order dated April 19, 2007, Judge Lifland denied this motion. Then, Johnson filed her third motion to reconsider, or as she styled it, the "Motion to Re Reconsider." In this third motion, Johnson claimed violation of her right to a trial by jury, and argued that the "petitioner lacked standing." Judge Lifland denied the third motion to reconsider on May 17, 2007.

On May 21, 2007, the notice of appeal of the Reconsideration/Extension Order and the parties' designations and counter-designations of the record on appeal were docketed with the Clerk of Court. On June 29, 2007, the Creditor Trust filed the instant

[1] The ten day appeal period would have expired on April 14, 2007. *See* Fed. R. Bankr. P. 8002(a). As this was a Saturday, plaintiff's time to appeal expired on Monday, April 16, 2007. *See* Fed. R. Bankr. P. 9006(a).

motion to dismiss, on the grounds that (a) Johnson's appeal, properly understood, was taken from the Disallowance Order and that appeal was untimely; and (b) Johnson had failed to file an appellate brief within fifteen days of the entry of appeal on the docket. In a nearly incomprehensible response to the Creditor Trust's motion, Johnson appears to argue that she demonstrated excusable neglect for her failure to file a timely notice of appeal of the Disallowance Order. Johnson's response papers might also be read to argue that she failed to file an appellate brief because she had yet to receive the record on appeal. At a conference held to discuss the motion to dismiss, Johnson appeared to argue excusable neglect in filing a late notice of appeal from the Disallowance Order. (Tr. 7–9, Oct. 4, 2007.)

## DISCUSSION

### I. Appeal of the Disallowance Order

Bankruptcy Rule 8002(a) requires that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment . . . appealed from." "[T]he time limit contained in Rule 8002(a) is jurisdictional." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). The time to file a notice of appeal may be tolled by certain timely filed motions. When such a motion has been timely filed, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed. R Bankr. P. 8002(b). A motion for relief under Fed. R. Civ. P. 60 tolls the time to file a notice of appeal if the "motion is filed no later than 10 days after the entry of judgment." Fed. R. Bankr. P. 8002(b)(4); *see also* Fed R. Bankr. P. 9024 (applying Rule 60 to the Bankruptcy Code with limitations not applicable here). Alternately, a "bankruptcy judge may extend the time for filing the notice of appeal." Fed. R. Bankr. P. 8002(c)(1). "A

request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

Here, Johnson did not file a notice of appeal, a motion for relief from the judgment, or motion to extend the time to file a notice of appeal within 10 days of the entry of the Disallowance Order. However, her motion to extend the time file a notice of appeal was filed within twenty days of the expiration of the ten day appeal period. Therefore, Judge Lifland had the discretion to grant the request for an extension if Johnson showed excusable neglect. Judge Lifland denied her motion to extend the time to file a notice of appeal, finding that she had not demonstrated excusable neglect. As a result, this Court is without jurisdiction to review the Disallowance Order. This does not end the matter, however, for Johnson has appealed the April 4, 2007 Reconsideration/Extension Order, and this appeal was timely filed. Consequently the Court will address the merits of Johnson's appeal.

## II. Appeal of the Reconsideration/Extension Order

### A. Appellant's Failure to File a Brief on Appeal

Under Bankruptcy Rule 8009(a)(1), the appellant is required to "serve and file a brief within 15 days after entry of the appeal on the docket." An "appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of thc appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P.

8001(a). Thus, courts have held that "[t]he time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987). "Rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances . . . ." *Id.* "Appropriate circumstances for dismissal include where the appellant has acted in bad faith, negligently, indifferently, or with dilatoriness." *In re Godt*, 282 B.R. 577, 583 (E.D.N.Y. 2002). As the rules indicate, the court hearing the bankruptcy appeal has substantial discretion to craft an appropriate remedy. 10 Collier on Bankruptcy ¶ 8001.06 (15th ed. rev.) ("Dismissal is not, of course, the only sanction available. Costs are sometimes imposed on the party or directly on counsel. In the case of failure to take steps to provide an adequate record, the courts sometimes refuse to permit the record to be supplemented and refuse to consider issues not resolvable on the record transmitted.")

Johnson has been bringing claims against Spiegel since the early 1990s. She was recently held in contempt by the bankruptcy court for obtaining a default judgment against Spiegel in violation of an injunction issued by that court. Still, there is nothing to suggest that Johnson's failure to file an appellate brief here is borne of anything other than profound confusion. As a result, the Court declines to dismiss the appeal for failure to file an appellate brief. However, the Court will not allow Johnson additional time to file a separate appellate brief. This sanction is quite minimal: in both her response to the motion to dismiss and the conference held by the Court to discuss that motion, Johnson addressed the merits of the issues that the Court finds dispositive of her appeal.

### B. Denial of Johnson's Motion for Rule 60(b) Relief from the Disallowance Order

"Although a defeated litigant cannot circumvent the time limitations on appeal by styling a belated petition for reconsideration as a motion under Rule 60(b), the denial of a motion properly made under Rule 60(b), as [Johnson's] was, is final and appealable." *Cinerama, Inc. v. Sweet Music, S. A.*, 482 F.2d 66, 71–72 (2d Cir. 1973) (Friendly, J.) (internal citations omitted); *see also Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 198 (2d Cir. 2006) ("[B]ecause the Goodspeeds' notice of appeal entered on July 20, 2005 is only timely with respect to the district court's denial of their motion for reconsideration entered on June 27, 2005, we only have jurisdiction to review that ruling.") The Court reviews the Bankruptcy Court's denial of a Rule 60(b) motion for abuse of discretion. *See In re Lawrence*, 293 F.3d 615, 623 (2d Cir. 2002) ("The District Court would have been required to review for abuse of discretion any decisions by the Bankruptcy Court with respect to Rule 60(b) . . . ."); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 194 B.R. 728, 731 (S.D.N.Y. 1995) ("With respect to Siewert's appeal from the Reconsideration Order, the bankruptcy court's denial of reconsideration is reviewable only for abuse of discretion."). Reviewing Johnson's confused and rambling submissions to the bankruptcy court, this Court can decipher no argument that raises even a colorable claim for relief based on Rule 60(b). Her initial motion only asked for more time to file a motion for reconsideration. In her reply to the Creditor Trust's opposition to her motion for reconsideration, Johnson relied on the same arguments and the same evidence regarding her discrimination claims that was before the Court when it issued the Disallowance Order. As the bankruptcy court correctly noted, a "motion for relief from judgment is generally not favored and is properly granted only

upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Moreover, "[t]he burden of proof is on the party seeking relief from judgment, in this case [Johnson]." *Id.* Consequently the Court finds that the bankruptcy court did not abuse its discretion in determining that Johnson had not demonstrated that she was entitled to relief from the Disallowance Order. Therefore Johnson's appeal of this aspect of the bankruptcy court's Reconsideration/Extension Order is denied.

### C. Denial of Johnson's Motion for an Extension of Time to File a Notice of Appeal

As noted above, a motion to extend the time to file a notice of appeal filed within "20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2). Johnson's motion to extend was timely as it was filed on January 10, 2007, that is, within twenty days of the expiration of her time to appeal the December 19, 2006 Disallowance Order.

The Bankruptcy Rules, unlike the Federal Rules of Appellate and Civil Procedure as amended in relevant part in 1991, do not contain a specific provision governing situations in which a would-be appellant claims not to have received notice of the entry of judgment. *Cf.* Fed. R. App. P. 4(a)(6) (where party does not receive notice of entry of judgment within twenty-one days and no party would be prejudiced thereby, a district court may reopen time to file an appcal); Fed R. Civ. P. 77(d) ("Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, exccpt as allowed by Federal Rule of Appellate Procedure (4)(a)."); *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994)

(noting that Rule 4(a)(6) was amended in 1991 to specifically address such situations); Fed R. Civ. P. 77(d) advisory committee's note to 1991 Amendments ("This revision is a companion to the concurrent amendment to Rule 4 of the Federal Rules of Appellate Procedure. The purpose of the revisions is to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment."). Rather, in bankruptcy cases, whether or not there is a claim that notice of the entry of judgment was not received, "the party seeking the extension of time in which to file a notice of appeal has the burden of establishing 'excusable neglect.'" *In re Enron Corp.*, 364 B.R. 482, 486 (S.D.N.Y. 2007).

The excusable neglect inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395) (alterations in original). However, as the first two factors will almost always favor the non-movant, and the fourth is rarely at issue, courts focus on the third factor. *Id.* Here, the bankruptcy court determined that Johnson had not demonstrated excusable neglect by claiming that she had not received the December 19, 2006 Disallowance Order until January 3, 2007. As the bankruptcy court noted, Johnson had been notified that the Creditor Trust would prosecute its objection to her claim at the December 19, 2006 hearing, which Johnson did

not attend. The Creditor Trust submitted a sworn affidavit of a legal assistant stating that he had placed the Disallowance Order in the mail to Johnson on December 19, 2006.

Bankruptcy court decisions to deny a request to file a late notice of appeal are reviewed for abuse of discretion. *See In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005). Here, to the extent that Johnson can appeal the bankruptcy court's decision not to extend her time to file a notice of appeal after having filed a motion in which she ostensibly disclaimed any intention of seeking such an extension, the Court finds that the bankruptcy court did not abuse its discretion. "Lack of noticc of the entry docs not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. P. 9022(a). Thus, "the prospective appellant [has] the duty of following the progress of the action and advising himself when the court makes an order he wishes to protest." *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 917 (2d Cir. 1985). "Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itsclf has no effect upon the time for appeal." *In re Hilliard*, 36 B.R. 80, 83 (S.D.N.Y. 1984) (quoting Fed. R. Civ. P. 77(d) advisory committee's note on 1946 amendments).[2] Thus, the Court finds that the bankruptcy court did not abuse its discretion in finding that Johnson's failure to monitor the docket after the December 19 hearing in which her claim was to be addressed precluded a finding of excusable neglect. *See In re Kloza*, 222 Fed. Appx. 547, 550 (9th Cir. 2007) ("It is well-settled that failure to receive notice of entry of judgment

[2] In non-bankruptcy cases before the 1991 amendments of Rule 77(d) and Rule 4(a)(6), "a party was obligated to find out when the judgment was entered, and counsel's failure to investigate when he did not receive notice of a judgment from the clerk, constitute[d] unexcusable neglect and does not warrant an extension of time in which to file a notice of appeal." *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994); *see also Bortugno v. Metro-North Commuter R.R.*, 905 F.2d 674, 677 (2d Cir. 1990) (finding district court abused its discretiou in extending time to file a notice of appeal where party had reason to know that judgment would be issued shortly but failed to monitor the docket or the *New York Law Journal*).

or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets.") (quoting *In re Warrick*, 278 B.R. 182, 187 (B.A.P. 9th Cir. 2002)). Accordingly, Johnson's appeal of this aspect of the Reconsideration/Extension Order is denied.

**CONCLUSION**

The Court grants the Creditor Trust's motion to dismiss the appeal [4] to the extent that Johnson seeks to appeal the December 19, 2006 Disallowance Order. To the extent that Johnson seeks to appeal the April 4, 2007 Reconsideration/Extension Order, the order of the bankruptcy court is affirmed. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
March 31, 2008

Richard J. Holwell
United States District Judge